## STOCKTON, Sheriff of Shasta County *v.* COUNTY OF SHASTA.   SAME *v.* SAME.

A Sheriff cannot maintain an action against a county for compensation for "taking care of the Court House, and keeping and guarding the Jail of the county during his incumbency of the office of Sheriff."   The law fixes his compensation for the performance of such official duty.

APPEAL from the District Court of the Ninth Judicial District, County of Shasta.

These two actions were instituted by the plaintiff to recover of the County of Shasta compensation for taking care of the Court House, and keeping and guarding the Jail of the county, while plaintiff was acting as Sheriff of said county.   Plaintiff had judgment in the Court below, and the defendant appealed to this Court.

*Attorney General* for Appellant.

*Garter & Hinkley* for Respondent.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., concurring.

These were actions instituted by plaintiff to recover of Shasta county compensation for " taking care of the Court House, and keep-

ing and guarding the Jail of the county, during his incumbency of the office of Sheriff."

In our opinion there is no warrant or authority in law for such a charge, and the Board of Supervisors properly rejected the account.

The Sheriff, by virtue of his office, is charged with the custody of all persons arrested on civil or criminal process, and is responsible for their safe keeping; for these services he is, in the case of criminals, to receive a compensation, to be fixed by the Supervisors of the county, and paid out of the public funds, and in the case of persons confined on civil process, to be paid by the person at whose instance the process was issued. In order to perform this duty, it is necessary that he should have a secure place in which to detain persons committed to his charge. Therefore the statute provides that the " County Jail shall be kept by the Sheriff and used as a prison " for the detention of such persons as are placed in his custody.

He is also required to " keep an office at the county seat of his county " for transaction of other business connected with his station, and would have the same right to demand compensation from the county for guarding and taking care of this office as of the Jail.

The law fixes the compensation of officers for the performance of these official duties, and it also provides that no fees shall be charged for any other services than those mentioned. (Wood's Dig., p. 453.)

Judgment reversed.