## PHILIP HEROLD *v.* JOHN L. SMITH.

PLEADING—A COUNTER CLAIM, OR MATTER IN AVOIDANCE, SET UP IN ANSWER.— A counter claim, or matter in avoidance, set up in answer, need not be denied by plaintiff, to put defendant upon his proof. The rule is the same as before the amendments of 1866.

IDEM—CROSS COMPLAINT.—When the answer contains a cross complaint, authorized by the amendments of 1866, it must be replied to, or the matters therein alleged will be taken as confessed.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

This was an action to recover from the defendant the sum of seven hundred and six dollars and sixty-two cents, as a balance due upon a stated account, and for work and labor done and materials furnished.

The defendant, in his answer, denied each and every material allegation of plaintiff's complaint, except that plaintiff did work and labor for defendant to the amount of five hundred and twenty-five dollars. The defendant then set up a counter claim in four counts, claiming that plaintiff was indebted to him in the sum of one thousand and twenty-nine dollars and twenty-five cents, and demanded judgment for the sum of five hundred and four dollars and twenty-five cents, being the balance due him. The pleadings in this action were verified. The plaintiff failed to file a replication, or answer, to any of the matters set up in defendant's answer. The cause was tried before the Court, without a jury. The Court held, upon the trial, that the counter claim set up by the defendant stood admitted, and then and there rendered judgment for the defendant for three hundred and twenty-two dollars and fifty cents. The plaintiff afterwards moved for a new trial, and it was granted, from which order granting a new trial the defendant appealed.

*James Mee*, for Appellant, argued :

That the counts of the answer, setting up that plaintiff is indebted to defendant in the sum of one thousand and twenty-nine dollars and twenty-five cents, concluding with a prayer for judgment for the balance of said sum over the amount of plaintiff's demand, is, in substance and effect, a cross complaint, and confessed, because of the failure of plaintiff to answer the same ; that no real distinction can be drawn, under our Practice Act, between a counter claim and the matters that may be pleaded in a cross complaint, since either might be the foundation of an action by defendant against plaintiff; and cited Secs. 38, 50, and 65 of the

Practice Act, as amended in 1866, (Stats. 1866, pp. 701–3 ;) New York Code, Secs. 168, 153, and 150.

*Julius George,* and *Ralph C. Richardson,* for Respondent.

Section forty-six of the Practice Act (Stats. of 1866, p. 702,) provides that the answer of the defendant shall contain, besides denials :

1. Matter in avoidance.
2. A counter claim.
3. The subject matter of a cross complaint.

That the last is not intended as equivalent to the second subdivision, is evident by comparing the definition of a counter claim in section forty-seven with the provision in section forty-six ; the cross complaint may be against others than the plaintiff.

Section fifty (Stats. of 1866, p. 702,) also classifies the various answers of the defendant in the same way, by providing that the plaintiff may " demur " to the " matter in avoidance or a counter claim," for " insufficiency," and that " when the answer contains a cross complaint," the parties against whom relief is therein demanded may " demur or answer " thereto.

By this section it will be seen that the plaintiff can only " demur " to a counter claim. No provision is made for answering it. Should an answer be interposed to a " counter claim," the Court would strike it out as not being a pleading authorized by statute.

By the Court, SANDERSON, J. :

The plaintiff was not required, under the amendments of 1866, to deny the defendant's counter claim in order to put him upon his proof. In respect to matter in avoidance and to counter claims, the rule is the same as before the amendments of 1866. Those amendments introduced a new pleading called a cross complaint. When the answer contains a

cross complaint, it must be replied to, so far as the cross complaint is concerned, or the matters therein alleged will be taken as confessed. But in no other respect is the plaintiff required to reply to the answer.

Order affirmed.

Mr. Justice SHAFTER expressed no opinion.