J. W. JONES, RESPONDENT, *v.* J. J. JONES, APPELLANT.

PLEADING—COUNTER CLAIM—CROSS-COMPLAINT.—An answer which asserts a set-off, or counter claim, is not a cross-complaint within the meaning of the Practice Act, and no denial thereof, by the plaintiff, is required.

NEW TRIAL CLAIMED ON THE GROUND OF NEWLY DISCOVERED EVIDENCE.—Newly discovered evidence, which is only cumulative, furnishes no ground for a new trial.

PROMISSORY NOTE—REVENUE STAMP.—The admission in writing of a balance due upon an accounting, not signed by the defendant, is not a promissory note, and needs no stamp under the provisions of the revenue laws.

ADMISSIBILITY OF SECONDARY EVIDENCE.—Secondary evidence of the contents of a written instrument may be given, when the party offering it is not entitled to the custody of the original, and the opposite party, to whose custody it rightfully belongs, upon being notified to produce it, disclaims all knowledge of it.

APPEAL from the District Court of the Fifth District, San Joaquin County.

This was an action to recover of the defendant the balance due upon an account stated, for goods sold and delivered, and for money paid, laid out and expended by plaintiff for defendant.

The defendant's answer denied all the allegations of the complaint, and also set up a counter claim, in several counts, for a sum largely in excess of the plaintiff's demand. The plaintiff failed to file a replication, or answer, to any of the matters set up in the defendant's answer.

The other facts in the case are stated in the opinion.

There was a verdict and judgment for plaintiff, and the Court refusing a new trial, the defendant appealed.

*Byers & Elliott,* for Appellant.

*Evan S. Pillsbury,* for Respondent.

CROCKETT, J., delivered the opinion of the Court:

The answer of the defendant, so far as it set up a set-off and counter claim, and prayed for a judgment against the plaintiff for the amount alleged to be due, was not a cross-complaint within the meaning of Sections 38, 46, 50, 65, of the Practice Act, and, therefore, was not required to be answered by the plaintiff. This precise point, in a case strictly analogous, was decided in *Herold* v. *Smith* (34 Cal. 122), and we see no reason to disturb the ruling in that case. There was, therefore, no error in refusing to enter a default against the plaintiff for want of an answer; and no injury resulted to the defendant from afterward permitting the plaintiff to reply to the answer, inasmuch as the replication consisted only of denials, which the law would have implied, if there had been no replication.

Nor can we disturb the judgment on the ground that the Court erred in denying the defendant's motion for a new trial. The evidence alleged to have been newly discovered was not only cumulative in its character, but there was no showing of sufficient or of any diligence to discover it before, or to produce it at the trial. The paper marked "Exhibit A,"

which was admitted in evidence, was not signed by the defendant, and was in no legal sense a promissory note; but was properly admitted as evidence of an account stated, and needed no stamp under the United States Internal Revenue Law. Nor was there any error in admitting secondary evidence of the contents of the bill of sale from Richard Jones to the defendant. The plaintiff was not entitled to its custody, and as it was a paper made to the defendant, it was properly presumed to be in his possession. When notified to produce it, he disclaimed all knowledge of it. Under these circumstances, the plaintiff was entitled to prove its contents by secondary evidence.

On the whole, we find no error in the record.

Judgment affirmed.