COLLAZO *v.* THE JUNCOS CENTRAL CO.

APPEAL from the District Court of Humacao.

No. 447.—Decided March 7, 1910.

NEW TRIAL—APPEAL—NEWLY DISCOVERED EVIDENCE—STATEMENT OF THE CASE.—Where there is no statement of the case in the record of an appeal from an order denying a motion for a new trial, based on the ground of newly discovered evidence, and it not appearing from the record what were the facts proven at the trial, this court cannot review the motion for a new trial, and the fact that the motion is accompanied by affidavits relative to the newly discovered evidence, is of no importance whatever.

ID.—COURT'S DISCRETION.—To grant or deny a motion for a new trial is within the discretionary powers of the trial court, and this court will not reverse such an order unless it is shown that there has been an abuse of this discretionary power.

ID.—REQUISITES FOR THE GRANTING OF A NEW TRIAL.—To entitle a party to a new trial on the ground of newly discovered evidence, it must appear: (1) That the evidence and not merely its materiality be newly discovered; (2) That the evidence be not cumulative merely; (3) That it be such as to render a different result probable on a retrial of the case; (4) That the

party could not, with reasonable diligence, have discovered and produced it at the trial; (5) That these facts be shown as the best evidence of which the case admits.

Id.—Discovery of New Evidence—Requisite.—Newly discovered evidence must be important, and the affidavits presented must show that it could not have been discovered before and introduced at the trial, notwithstanding the exercise of reasonable diligence by the party seeking the new trial.

Id.—Record on Appeal—Allegations—Consideration Thereof.—In order that this court may determine the materiality of newly discovered evidence, it is necessary that it have the allegations made in the case before it, and it cannot consider as a part of the record, documents presented after the transcript of the record has been completed.

Id.—Reasonable Diligence.—In order that a motion for a new trial, based on the discovery of new evidence may be successful, it is necessary to show that the party seeking a new trial has exercised reasonable diligence to discover such evidence.

Id.—Abuse of Discretion—Presumption.—It not having been shown that the trial court abused its discretionary powers, the presumption must be indulged that its decision conforms to the law and, therefore, it must be affirmed.

The facts are stated in the opinion.

*Messrs. Vías Ochoteco and Ferrer* for appellant.

*Messrs. Hartzell, Rodríguez Serra and Francisco Ramírez de Arellano* for respondent.

Mr. Justice MacLeary delivered the opinion of the court.

This is an appeal from an order made by the District Court of Humacao, on August 26 last, refusing a new trial. The motion for new trial is based on the ground of newly discovered evidence and rests on the provisions of paragraph three of section 221 of the Code of Civil Procedure. This paragraph provides that a new trial may be granted on account of

"Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial."

The motion itself is not sworn to, but it is supported by three affidavits made by persons whom, it is supposed, the plaintiff intended to use as witnesses in case a new trial should be granted. This motion was opposed on the ground that the evidence alleged to have been newly discovered was

either irrelevant or merely cumulative; and further that there was no showing made that due diligence had been used in attempting to procure the evidence in time for use on the trial which had previously occurred. There is no statement of the case contained in the record, and the facts which were proven on the trial of the case are not presented in the record, and we have nothing to show what they might have been except, perhaps, the affidavits attached to the motion for a new trial.

A motion was made by the respondent to dismiss the appeal for these defects in the transcript; but the court overruled the motion regarding it as premature, inasmuch as some other reason might be shown on the hearing of the case why the motion for a new trial should have been granted. The court presumed that the principles of law contended for by the respondent might all be correct, and still the appeal might be entitled to a hearing.

We cannot consider the facts set out in the appellant's brief, there being no authorized statement in the record to sustain them.

The granting of new trials on account of newly discovered evidence is always a matter resting in the sound discretion of the trial court; and its action on such motions will not generally be disturbed unless an abuse of such discretion is shown. (*Spottiswood* v. *Weir,* 80 Cal., 448. See also Hayne on New Trial and Appeal. sec. 87, cited in 73 Cal., 248.) The courts in passing on such motions are governed by well-established rules, which are summarized by Hayne in section 88 as follows:

"To entitle a party to a new trial on the ground of newly discovered evidence, it must appear: (1) That the evidence and not merely its materiality be newly discovered; (2) That the evidence be not cumulative merely; (3) That it be such as to render a different result probable on a retrial of the cause; (4) That the party could not with reasonable diligence have discovered and produced it at the trial; and (5) That these facts be shown by the best evidence of which the case admits." (1 Hayne on New Trial and Appeal, sec. 88.) (*People* v. *Sutton,* 73 Cal., 247.)

This doctrine is supported also in the following decisions of the same learned court, to wit: *Russell* v. *Dennison,* 45 Cal., 337; *Jones* v. *Jones,* 38 Cal., 584; *Arnold* v. *Skaggs,* 35 Cal., 684; *Levitsky* v. *Johnson,* 35 Cal., 41; *Baker* v. *Joseph,* 16 Cal., 174.

A Texas case may also be cited in support of the rule laid down by Hayne, to wit: *Sabine and E. T. Ry. Co.* v. *Wood,* 69 Tex., 682. Many other cases, both civil and criminal, might be cited to show that these rules are almost, if not quite, universal.

The first requisite of the newly discovered evidence, which we shall consider herein, is that the facts shown thereby be important. Undoubtedly, this expression is equivalent to saying that they should be material or pertinent.

Another requisite for our consideration is that such evidence be newly discovered—that is to say, that the facts may not be a repetition of those already presented at the trial—or that they do not constitute cumulative or corroborating evidence.

And a further requisite, requiring attention, which is also indispensable, as the former ones, in order that the motion may be granted, is that such evidence newly discovered, important and material as it should be, could not have been discovered and presented at the trial, notwithstanding the party seeking the new trial had employed reasonable diligence in searching for the facts disclosed.

In the first place we must inquire, Is the newly discovered evidence material and pertinent? To answer this we must have the pleadings before us. These were not contained in the record as originally presented, but were annexed afterwards, by permission of the court, to be considered for what they might be worth, if they could be so annexed. We do not consider it consistent with the law to present the record piecemeal in this way and cannot regard the annexed pleadings as properly constituting a part of the record in this case. Conse-

quently we cannot say whether or not the newly discovered evidence is material.

Nor can we decide whether or not the newly discovered evidence was entirely new or merely cumulative of that heard and considered by the trial court at the trial. We cannot rely alone on the affidavits for the solution of this question. In such a matter the ruling of this court must rest on a comparison of the affidavits with the facts proven on the trial and set forth and presented here in a duly authenticated statement. As no such statement is found in the record no such comparison can be made on which to base such a ruling.

But did the plaintiff use due diligence to procure the evidence which he now presents by affidavits, and to produce it at the trial before the judgment was rendered? If so, this must not only be alleged in his motion but proved to the satisfaction of the trial court; or the motion for a new trial will be properly denied. (*Jacks* v. *Cooke,* 6 Cal., 165; *Weimer* v. *Lowery,* 11 Cal., 113; *Klockenbaum* v. *Pierson,* 22 Cal., 164; *People* v. *McCurdy,* 68 Cal., 576; *People* v. *Nelson,* 85 Cal., 421.) See also our decision in the case of *Hernández Mena* v. *Mangual,* rendered February 4, 1910.

Then, as we cannot determine the questions presented by the appellant, on account of defects in the record, which have been mentioned above, the presumption of correctness in the action of the court below must stand. There being no error apparent on the record the order made by the district court refusing the new trial must be affirmed.

*Affirmed.*

Chief Justice Hernandez and Justices Figueras, Wolf and del Toro concurred.