DELANNOY, PLAINTIFF AND RESPONDENT, *v.* BLONDET, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, Refusing to Grant a New Trial in an Action of Filiation.

No. 1057.—Decided March 31, 1915.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DISCRETION OF COURT.—The granting of new trials on account of newly discovered evidence is always a mat-

ter resting in the sound discretion of the trial court, and its action on such
motions will not be disturbed generally unless an abuse of such discretion
is shown.

ID.—ID.—To entitle a party to a new trial on the ground of newly discovered
evidence, it must appear (1) that the evidence and not merely its mate-
riality be newly discovered; (2) that the evidence be not cumulative merely;
(3) that it be such as to render a different result probable on a new trial
of the cause; (4) that the party could not with reasonable diligence have
discovered and produced it at the trial; and (5) that these facts be shown
by the best evidence of which the case admits.

ID.—CONTRADICTORY EVIDENCE—DISCRETION OF COURT.—When there is a conflict
of evidence it is incumbent upon the lower court to adjust it, and if the
witnesses make contradictory statements, it is also the province of the court
to weigh the probatory value of their testimony, and the appellate court
cannot disturb the findings of the lower court in its ruling on a motion
for a new trial.

COMPLAINT—ALLEGATIONS CONTROVERTED—ANSWER.—Every verified allegation of
the complaint not specifically denied or controverted in the answer must,
for the purpose of the action, be taken as true.

NATURAL CHILDREN—CAPACITY OF PARENTS TO MARRY—PLEADING—EVIDENCE.—
Even when there is no evidence concerning the capacity of the parents to
contract marriage at the time the child was conceived and born, such capacity
would have to be recognized if the complaint contained a sworn allegation
that they were without lawful impediment to marry and this was not spe-
cifically denied or controverted in the answer.

ID.—ACKNOWLEDGMENT BY FATHER.—In conformity with Law XI of Toro, chil-
dren born of parents who at the time the children were conceived and born
could legally contract marriage without dispensation are the natural chil-
dren of said parents, provided they have been acknowledged as such by
the father, the existence of the acknowledgment on the part of the. father
being necessary in order that he may be compelled to ratify it.

LITISPENDENCIA—ANSWER—PLEADING—WITHDRAWAL OF ACTION.—It is a good
answer to the plea of the pendency of a prior action for the same cause
that the former suit has been discontinued, whether the discontinuance be
before or after the filing of the plea, provided the withdrawal be made
before the trial of the second suit.

NATURAL CHILDREN — ACKNOWLEDGMENT — VARIANCE BETWEEN JUDGMENT AND
COMPLAINT.—Although the prayer of the complaint is only that the plain-
tiff be adjudged the natural child of the. defendant, while the judgment
decrees that the plaintiff is the acknowledged natural child of the defend-
ant, no variance exists between the complaint and the judgment, for the
decree of natural child cannot be entered, according to the definition of
such natural children by Law XI of Toro, without the existence of acts
demonstrative of the acknowledgment.

EVIDENCE.—Parol evidence of the contents of a writing cannot be admitted
without first proving its loss and identity.

ID.—OBJECTION.—An objection to the testimony of a witness concerning the
contents of a writing which has been lost will not be sustained when the
court has already been made aware of its contents by the testimony of
another witness to which no objection was made.

ID.—NATURAL CHILDREN—ACTS OF FAMILY.—In the present case a witness tes-
tified concerning statements made to him by an aunt of the defendant
father regarding the support of the plaintiff son. *Held:* That the said
testimony was pertinent to the case as tending to show that the aunt regarded
the plaintiff as a natural child, and that the admission of such evidence
is not in conflict with the doctrine of the Supreme Court of Spain as laid
down in its judgment of July 17, 1905, to the effect that the direct acts
of the family referred to in article 135 of the Spanish Civil Code are such
as tend to show the uninterrupted possession of the status of natural child
of the person seeking the acknowledgment, but not acts done by any of
the relatives in connection with the suit.

The facts are stated in the opinion.

Mr. *Herminio Díaz* for the appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

On December 9, 1911, Luis Delannoy filed a complaint
in the District Court of San Juan, Section 1, against Carlos
H. Blondet, based on the following allegations:

1. That the plaintiff and defendant are adults, the for-
mer residing in the city of Guayama and the latter in the
town of Río Piedras;

2. That the plaintiff was born in Guayama on August 5,
1889, his natural father being Carlos Blondet, the defend-
ant, and his mother being Carmen Delannoy, generally known
as María Teresa Delannoy;

3. That both at the time of his birth and at the time he
was conceived Carlos Blondet and Carmen Delannoy lived
in open and notorious concubinage and both were unmar-
ried, free and laical, without any relationship of consanguin-
ity or affinity existing between them and without any impedi-
ment by reason of crime or vows;

4. That during the first years of the plaintiff's infancy
Carlos Blondet furnished everything necessary for the sup-
port of the child and its mother;

5. That on repeated occasions, publicly and privately, the
defendant has treated the plaintiff as his son, calling him
so and introducing and considering him as such;

6. That the plaintiff has possessed the status of natural child of defendant Carlos Blondet uninterruptedly and at different times and on diverse occasions Blondet promised his mother to acknowledge him as such according to law, but he has not fulfilled his promise.

The complaint concludes with the prayer that judgment be rendered declaring the plaintiff to be the natural child of defendant Carlos Blondet, with all the rights which the Civil Code confers upon natural children, and that the defendant be taxed with the costs of the suit.

The defendant demurred to the aforesaid complaint on the ground that it did not state facts sufficient to constitute a cause of action and the said demurrer having been overruled on February 13, 1912, the defendant filed an answer to the complaint denying the material allegations set up therein, and later amended the answer by adding the allegation that another action was pending between the same parties relative to the same subject-matter as the result of a complaint filed in the District Court of Guayama and transferred to the District Court of San Juan.

The case went to trial and both parties having introduced such evidence as they deemed conducive to their respective pleas, the lower court made the following findings of fact:

"That the plaintiff, Luis Delannoy, was born in Guáyama in or about the month of August of 1889, his natural parents being defendant Carlos H. Blondet and Carmen Delannoy.

"That Carlos Blondet and Carmen Delannoy were unmarried both at the time of the birth of the plaintiff and at the time when he was conceived and on both of these dates there was no legal impediment to their marrying.

"That plaintiff Luis Delannoy is the acknowledged child of defendant Carlos Blondet, according to the law in force at the time of his birth.

"That on May 8, 1912, when this case came on for trial, there was no action pending between the same parties relative to the same subject-matter, for case No. 4787, which was filed in the District Court of Guayama and transferred to the District Court of San Juan,

was nonsuited by this court on motion of the plaintiff on May 7, 1912.''

On the foregoing findings the said District Court of San Juan rendered judgment on May 29, 1912, sustaining the complaint and therefore holding that plaintiff Luis Delannoy is the acknowledged natural child of defendant Carlos H. Blondet, and decreeing that the latter consider him as such child, with the right to bear his name and the other rights inherent in such status, and pay such costs and expenses as might be allowed.

On June 4 following, the defendant notified the plaintiff that he would move for a new trial by duly filing for that purpose a motion based on the following grounds:

"*a*) That since the trial he had discovered new and material evidence, of whose existence he was ignorant prior to the trial, notwithstanding the fact that he had used reasonable diligence to secure all evidence pertinent to the case.

"*b*) That plaintiff's eivdence is not sufficient to support the findings of fact on which the judgment is based.

"*c*) That the court committed errors of law during the trial, which errors were duly excepted to."

The plaintiff was notified also that the said motion would be accompanied by affidavits and be based on the minutes of the court, the stenographic record and a bill of exceptions and statement of the case.

The motion for a new trial was filed on August 9, 1912, and the defendant alleged therein that, as shown by the statement of the case and bill of exceptions already submitted for approval, the judgment contained the errors of fact and of law therein set out, for which reason the final judgment is contrary to law, the errors of law being as follows:

*First.* That the judgment is inconsistent with the only cause of action set up in the complaint and in conflict with rule 4 and section 131 in relation to section 135 of the Spanish Civil Code and with the doctrine laid down in the case of *Amsterdam* v. *Puente,* 16 P. R. R., 527, for the complaint

prays only that the plaintiff be adjudged the natural child of defendant Carlos H. Blondet, with all the rights which the Civil Code confers upon natural children, whereas the judgment decrees that the plaintiff is the acknowledged natural child of Carlos H. Blondet.

*Second.* That the judgment violates the maxim, *Actore non probante reus est absolvendus,* embraced in the rule of evidence that the plaintiff must prove such of his allegations as are denied in the answer to the complaint or on which issue is joined, for in the present case the plaintiff has not proved the date of his birth or his paternal and maternal parentage or his status of acknowledged natural child by direct, repeated and constant acts of Blondet or of his immediate family, or his acknowledgment by his father in any of the three exclusive ways in which a child may be acknowledged.

*Third.* Infraction also of the principle that parol evidence of the contents of a written instrument cannot be admitted without first proving its loss and identity, which principle was violated in admitting in evidence a letter alleged to have been written by Blondet to plaintiff's mother.

*Fourth.* Violation of the principle established by Spanish jurisprudence to the effect that the acts of the alleged father or of his immediate family and not the acts of a collateral relative are those which may show the possession of the status of natural child, which principle was violated by the lower court in admitting evidence of acts performed by an aunt of defendant Blondet as a basis for proving the possession of said status.

*Fifth.* Violation of the rule of procedure forbidding severance of the unity which should exist in every judgment by the prosecution of two actions at the same time between the same parties relative to the same subject-matter.

In his motion for a new trial the defendant further alleges that the judgment rendered by the court, as shown by the bill of exceptions and statement of the case, is con-

trary to the evidence for the reasons more fully set forth in the bill of exceptions which is made a part of the motion.

The motion concludes with the allegation that, as shown by the accompanying affidavits, the defendant had discovered new and material evidence in his favor, which evidence was neither cumulative nor tended to rebut the parol or documentary evidence already introduced, and that he had not known of said evidence either prior to or during the trial, notwithstanding the fact that he had exercised due diligence to secure it.

The motion for a new trial, which was to be based on affidavits, on the minutes of the court, on the stenographic record and on a bill of exceptions and statement of the case, was actually based only on affidavits and a statement of the case and bill of exceptions. It was overruled by an order of the court of September 16, 1913, from which the defendant appealed to this court.

Let us examine the grounds on which the motion for a new trial is based, beginning with the first of them, which falls under subdivision 3 of section 221 of the Code of Civil Procedure, viz., "Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial."

In deciding the case of *Collazo* v. *The Juncos Central Company,* 16 P. R. R., 134, this court said:

"The granting of new trials on account of newly discovered evidence is always a matter resting in the sound discretion of the trial court; and its action on such motions will not generally be disturbed unless an abuse of such discretion is shown. (*Spottiswood* v. *Weir,* 80 Cal., 448. See also Hayne on New Trial and Appeal, sec. 87, cited in 73 Cal., 248.) The courts in passing on such motions are governed by well-established rules, which are summarized by Hayne in section 88 as follows:

" 'To entitle a party to a new trial on the ground of newly discovered evidence, it must appear: (1) That the evidence and not merely its materiality be newly discovered; (2) that the evidence be not cumulative merely; (3) that it be such as to render a dif-

ferent result probable on a new trial of the cause; (4) that the party could not with reasonable diligence have discovered and produced it at the trial; and (5) that these facts be shown by the best evidence ·of which the case admits.' (1 Hayne on New Trial and Appeal, sec. 88.)   (*People* v. *Sutton, 73* Cal., 247.)

"This doctrine is supported also in the following decisions of the same learned court, to wit: *Russell* v. *Dennison,* 45 Cal., 337; *Jones* v. *Jones,* 38 Cal., 584; *Arnold* v. *Skaggs,* 35 Cal., 684; *Levitsky* v. *Johnson,* 35 Cal., 41; *Baker* v. *Joseph,* 16 Cal., 174.

"A Texas case may also be cited in support of the rule laid down by Hayne, to wit: *Sabine and E. T. Ry. Co.* v. *Wood,* 69 Tex., 682. Many other cases, both civil and criminal, might be cited to show that these rules are almost, if not quite, universal."

In the case of *Fajardo et al.* v. *Tió,* 17 P. R. R., 321, this court expressed itself as follows:

"As to newly discovered evidence.   The law is plain that it must be, in the first place, material for the applicant, and, in the second place, it must be not only newly discovered but also such evidence as he could not with the use of reasonable diligence have found and produced on the trial.   (Sec. 221, Code Civil Procedure, Sess. Acts 1904, p. 244; *People v. Goitía,* 5 P. R. R., 253; *Silva* v. *Salamanca et al.,* decided June 12, 1908, and cases cited.)

"The facts of the materiality of the evidence and that it is newly discovered and could not by the use of reasonable diligence have been discovered and offered at the trial, and that such diligence was really used by the applicant, must all be set forth in the motion for a new trial, and must also be proven by affidavits or otherwise, to the satisfaction of the court, which has a large discretion in granting or refusing new trials on this ground.   (*Viso* v. *Porto Rico Sugar Co.,* decided Dec. 15, 1910; 37th Digest American Century, columns 1113 *et seq.*)

"After all, the main question involved herein is whether or not the district court committed any abuse of discretion in refusing a new trial on this ground, for such abuse must be shown in order to sustain an appeal for such a cause.   (*Crystal Lake Ice Co.* v. *Mc-Auley,* 75 Cal., 632; *Harrison* v. *S. St. Ry. Co.,* 116 Cal., 161; *Spottiswood* v. *Weir,* 80 Cal., 448; *Hall* v. *Jensen,* 14 Idaho, 170.)

"And clearly a motion for a new trial, based on newly discovered evidence, is addressed largely to the discretion of the trial court, who has recently heard all the evidence in the case from the lips

of the witnesses themselves and who can determine whether or not the evidence which the applicant wishes to be considered would, if admitted, change the result of the former trial or cause a different judgment to be entered. If the same result would ensue from the second trial, with the newly discovered evidence before the court, it would be a vain and useless proceeding to grant a new trial and go through the whole case again in order to satisfy a whim or fancy on the part of the loser in the first judicial contest. (*Byrne* v. *Reed*, 75 Cal., 282.)

"Unless manifest injustice has been done in refusing the new trial the appellate court will not attempt to revise the discretion which has apparently been properly exercised in the refusal of the new trial. (See *Silva* v. *Salamanca*, decided by this court on June 12, 1908, and *Viso* v. *Porto Rico Sugar Co.*, also decided by this court on Dec. 15, 1910, and the numerous cases cited in those opinions.)"

The affidavits filed by the defendant in support of the motion for a new trial on the ground of newly discovered evidence tend to show: (*a*) That at about the time of the birth of Luis Delannoy entertainments were given frequently at night in his grandmother's house at which the mother of the plaintiff and her sisters were present; (*b*) that two sisters of the plaintiff's mother had children in the same house where they lived with her; (*c*) that a cousin of the defendant called Lilí Blondet y Delannoy was the father of the child which one of the sisters of plaintiff's mother had and the child died; (*d*) that the mother of the plaintiff, María Teresa Delannoy, had no other lover before or about the time she gave birth than a young man named Juan Díaz who is and always has been regarded in Guayama as the father of the plaintiff; (*e*) that for a long time before her marriage to her present husband the said María Teresa Delannoy lived in concubinage with him; (*f*) that from 1889 to 1895, during which time the defendant lived at the "Julia" farm, which is situated between the districts of Guayama and Salinas, he became a member of the "Legalidad" Lodge and used to go there only when there were meetings, this being always at night; (*g*) that in Guayama the defendant is not

known to have any other children than those born to him in his lawful wedlock; (*h*) that the plaintiff has never been regarded as the defendant's son either by the defendant or by his family.

Neither in the notice of the motion for a new trial nor in the motion itself does the defendant-appellant state the acts performed by him to · discover and produce the new evidence, nor does he allege that the admission and consideration of said evidence would necessarily change the result of the trial. The new evidence tends to rebut the evidence already introduced at the trial by the plaintiff, which the defendant had an opportunity to do when he introduced his own; for evidence was offered at the trial to show that at about the time of the birth of the plaintiff María Teresa Delannoy sustained illicit relations only with defendant Carlos H. Blondet; that he paid the midwife for her services during her confinement; that he treated the plaintiff as his child and that he paid the expenses of his education.

If the defendant was negligent in the defense of his rights he must blame himself and not come at this late day to display activity which he could have exercised at the proper time.

In overruling the motion for a new trial based on the discovery of new evidence, the lower court acted according to law and in conformity with the jurisprudence laid down by this court, and it has not been shown that it abused its discretional power.

The second ground relied on for the granting of a new trial, as stated in the notice of motion therefor, is that "the evidence of the plaintiff is not sufficient to support the findings of fact on which the judgment is based," while in the motion for a new trial the same ground is stated as follows: "It appears from the bill of exceptions and statement of the case that the judgment rendered by the court is contrary to law and to the evidence for the reasons set out more fully

in the said bill of exceptions, which is made a part of the said motion."

Section 221 of the Code of Civil Procedure enumerates the grounds on which a new trial may be granted, and among them we find, under No. 5, that of the insufficiency of the evidence to justify the judgment or decision, or that it is contrary to law, which is the reason invoked by the defendant, although he does not put it in the language of the statute, which is the better practice.

Referring to the said ground, the last part of paragraph 2 of subdivision 3 of section 223 provides that "When the notice of the motion designates as the ground of the motion the insufficiency of the evidence to justify the judgment or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient."

We have examined the statement of the case and bill of exceptions upon which the appellant based his motion for a new trial on the ground which we are considering and at the end there appears an assignment of errors of fact and of law alleged by the defendant to have been committed *during the trial and by the judgment.*

The alleged errors of fact are the following:

1. Finding that plaintiff Luis Delannoy was born in August, 1889, and that he is the natural son of defendant Carlos Blondet and Carmen Delannoy.

2. Finding that both at the time of the birth of the plaintiff and at the time when he was conceived Carlos H. Blondet and Carmen Delannoy were unmarried and that there was no legal impediment to their contracting marriage.

3. Finding that under the provisions of the law in force when the plaintiff was born he was acknowledged by Carlos Blondet to be his son.

4. Finding that on May 8, when the case went to trial, there was no action pending between the parties relative to the same subject-matter.

The errors of law assigned by the defendant in the state-

ment of the case are the same as those enumerated in his mo-
tion for a new trial and they were explained by us in con-
sidering the said motion.

Assuming the errors of fact assigned by the appellant
under that designation to have been alleged in order to show
the insufficiency of the evidence, for they lead to that end not-
withstanding the fact that the defendant affirms that they
were committed during the trial and by the judgment, we
will proceed to examine them in the same order in which
they are pleaded.

The first assignment of error is based on the allegation that
the only evidence of the date of the birth of Luis Delannoy
is the baptismal certificate introduced by the plaintiff, which
was admitted by the court only for the purpose of proving
the fact of his baptism and the date on which it took place
and not to prove the date of his birth; on the allegation that
the preponderance of the evidence introduced at the trial
to prove the natural maternity of Carmen Delannoy is in
favor of the negative, for the baptismal certificate shows
that the mother of the plaintiff was María Teresa Delannoy
and does not state that she was generally known as or called
Carmen Delannoy, and on the allegation that the prepon-
derance of the evidence introduced by the plaintiff regard-
ing the paternity of Carlos Blondet is also in favor of the
negative.

The finding of the trial court that the plaintiff was born
in August, 1889, is supported by the testimony of María Te-
resa Delannoy, who said that the plaintiff was about four-
teen months old when he was baptized, and by the testimony
of José Alonso, who said that the child was from twelve to
fourteen months old when baptized, and the court consid-
ered this testimony in connection with the certificate of bap-
tism of the plaintiff, according to which he was baptized
on November 6, 1890. Moreover, if any error were commit-
ted in fixing the date of the plaintiff's birth, it was so insig-

nificant that it could not have influenced the result of the trial.

In the certificate of baptism the plaintiff appears as the natural child of María Teresa Delannoy and it is not stated that she was known by the name of Carmen Delannoy, but witnesses Nicolás Alonso, José Alonso and Tomás Vanks refer to her under both names, therefore it cannot be said that there was no evidence to support the allegation that Carmen Delannoy was known by the name of María Teresa Delannoy. Besides, María Teresa Delannoy having testified that that was her name and several witnesses having testified that that was her name, there is no doubt that she is the person referred to in the baptismal certificate as the mother of the plaintiff, and the fact that she may also be known by the name of Carmen is immaterial.

In support of his contention that the preponderance of the evidence introduced by the plaintiff relative to the paternity of Carlos Blondet, favors the negative, the defendant analyzes carefully the testimony of the plaintiff's witnesses María Teresa Delannoy, Valeriano Ortiz, Cruz Guerra, Isidro, Nicolás and José Alonso, Angel Pacheco, Tomás Vanks and Luis Delannoy, and after discussing the scope of said evidence, all of which tends to show the filiation of Luis Delannoy and his acknowledgment by Carlos H. Blondet, defendant concludes as follows:

"And that is all of the plaintiff's evidence. We will not urge at this time that there is a conflict between said evidence and that of the adverse party although such conflict exists, but will point out that the very evidence introduced by the plaintiff has failed to support his allegations to such an extent that it may be asserted that his evidence contradicts itself."

If there were such a conflict of evidence as the appellant points out, it was incumbent upon the lower court to adjust it, which it did favorably to the plaintiff; and if the witnesses made contradictory statements, it was also the province of the court to weigh the probatory value of their testi-

mony, as it also did in favor of the plaintiff; and this appellate court cannot disturb the findings of the lower court in its ruling upon a motion for a new trial within its discretional power, which does not appear to have been abused in the present case, in which the status of the plaintiff as the natural son of the defendant is supported by the evidence admitted at the trial.

Nor did the lower court commit the second error of fact assigned by the defendant in finding that María Teresa Delannoy and Carlos H. Blondet were unmarried at the time of the conception and birth of the plaintiff, and that there was no legal impediment to their contracting marriage at said times.

In the first place, we must point out that the complaint was verified by the plaintiff and that its third allegation relative to the said facts was answered by the defendant, likewise under oath, as follows:

"The third allegation of the complaint is denied as to the relations of the defendant with the mother of the plaintiff."

As will be seen, this denial was not absolute but restricted to the relations of concubinage between the defendant and the mother of the plaintiff; therefore Blondet did not deny that he and María Teresa Delannoy could have married lawfully and without dispensation at the time of the conception and birth of Luis Delannoy, as is prescribed by Law XI of Toro.

Subdivision 2 of section 110 of the Code of Civil Procedure provides that if the complaint be verified, the denial of each allegation controverted must be specific; and section 132 provides that every material allegation of the complaint not controverted by the answer must, for the purposes of the action, be taken as true.

The sworn allegation of the complaint that María Teresa Delannoy and Carlos H. Blondet were single and without lawful impediment to marry at the time of the conception

and birth of the plaintiff was not specifically denied or controverted in the answer, therefore it must be taken as true for the purposes of the action.

But the fact is that the plaintiff introduced evidence in support of that allegation of the complaint, consisting of the testimony of María Teresa Delannoy to the effect that sexual relations existed between her and Blondet for a period of eight or ten months, both of them being single, and that she was single also when the offspring of such relations was born.

Even if there had been no evidence concerning the legal capacity of Teresa Delannoy and Carlos Blondet to contract marriage at the time the plaintiff was conceived and born, such capacity would have to be presumed in the absence of proof to the contrary, according to the jurisprudence laid down by this court in the cases of *Lange* v. *Aviles,* II S. P. R., 611, and *Silva* v. *Salamanca et al.,* 14 P. R. R., 529.

Nor did the lower court commit the third error imputed to it in finding that the plaintiff is the acknowledged child of defendant. Carlos H. Blondet, in conformity with the law in force at the time of his birth.

In support of the said assignment of error it is alleged that there is not a single word in the evidence to show that Carlos H. Blondet had acknowledged Luis Delannoy in any of the three exclusive manners prescribed by the Civil Code.

It is true that Carlos Blondet had not acknowledged the plaintiff as his natural child in any of the ways prescribed by the said code, hence the necessity of bringing the action to oblige Blondet to make said acknowledgment, for which purpose it was necessary to introduce the necessary evidence at the trial to prove the acts constituting the acknowledgment.

Such evidence was presented at the trial and as a result the lower court held that Blondet had acknowledged the plaintiff, not in the real and authentic manner which would render an action for acknowledgment unnecessary, but by acts

tending to demonstrate the acknowledgment, which therefore he should be compelled to make by a judgment of the court inasmuch as he did not do so voluntarily.

The judgment is in conformity with Law XI of Toro which governs the present case and according to which children born of parents who at the time of the conception and birth of the children could legally contract marriage without dispensation, are the natural children of said parents provided they have been acknowledged as such by the father. Under that law the existence of the acknowledgment on the part of the father is necessary in order that he may be compelled to ratify it. It has been shown in the present case that such acknowledgment exists, therefore the defendant is obliged by the judgment to consider the plaintiff as his natural child.

·Finally, as regards the last error alleged to consist in the finding that there was no action pending between the parties on May 8 when the case went to trial, we will say that such error was not committed even if considered an error of fact and not of law.

The appellant contends that although case No 4787, which was brought in the District Court of Guayama and transferred to the District Court of San Juan, was dismissed by the latter court on the day before the trial on motion of the plaintiff, there is not, nor can there be, any proof that notice of the dismissal was served on the defendant, who had duly entered appearance in said action, or that he waived such notice, and much less that he waived the right of appeal, for which reasons the said dismissal was not final either on the day of the trial or at the time when the judgment was rendered, hence the said action was still pending.

From the statement of the case it appears that in June, 1911, Luis Delannoy brought an action of filiation against Carlos H. Blondet in the District Court of Guayama, and that on motion of the plaintiff in the same month the court ordered a change of venue to the District Court of San Juan, Section 1; that on May 7, 1912, the plaintiff filed a motion

in the said court for leave to withdraw the action, with the costs upon himself; that notice of said motion to withdraw was served on the attorney for the defendant on the same day and that an order sustaining the motion was entered also on the same day.

The present case came on for trial on the following day, May 8, 1912.

Subdivision 1 of section 192 of the Code of Civil Procedure provides that an action may be dismissed by the plaintiff himself, at any time before trial, upon the payment of costs, subject to the exceptions mentioned therein, which exceptions did not exist in the case whose dismissal is being considered.

According to the majority of modern decisions, the dismissal or abandonment of a prior action in due time bars the plea of *auter action pendant*.

The tendency of the later cases and a preponderance of authorities sustain the doctrine that it is a good answer to the plea of the pendency of a prior action for the same cause that the former suit has been discontinued, whether the discontinuance be before or after the filing of the plea. Under this doctrine the plea will be overruled unless the prior suit is pending at the time of the trial of the second. 1 Cyc., 24, 25.

Therefore, the plea of *auter action pendant* cannot be sustained.

Let us now consider the errors of law assigned by the appellant.

The first assignment of error alleges variance between the judgment and the complaint. It is true that the prayer of the complaint is only that the plaintiff be adjudged the natural child of the defendant, but as such decree cannot be entered, according to the definition of natural children given by Law XI of Toro, without the existence of acts demonstrative of the acknowledgment of the plaintiff as his natural child by the defendant, it is logical to infer as a consequence

that the judgment is in conformity with the complaint. We refer here to the doctrine laid down in discussing the third error of fact.

The second assignment of error of law alleges the violation of the maxim, *Actore non probante reus est absolvendus.* This assignment may be regarded as referring to the insufficiency of the evidence to sustain the judgment.

The only ground on which the defendant-appellant bases this assignment of error is that the plaintiff did not prove the date of his birth, his paternal and maternal parentage, the possession of the status of natural child by direct, repeated and uninterrupted acts of Blondet or of his immediate family, or that his father had acknowledged him in any of the three exclusive manners in which the acknowledgment of a child may be made. In order to refute the existence of said error we refer to what we have already said in discussing errors of fact numbers 1, 2 and 3, in regard to which we admit that the defendant specified the particulars in which the insufficiency of the evidence consists, pursuant to the provisions of the last part of subdivision 3 of section 223 of the Code of Civil Procedure, which we have quoted above.

The errors of law assigned under numbers 3 and 4, while alleged to show that the judgment is contrary to law, may be regarded, nevertheless, as errors of law committed during the trial, which is also a ground on which the motion for a new trial is based, for the third error consists in the violation of the principle that parol evidence as to the contents of a writing cannot be admitted without first proving its loss and identity. This principle is said to have been violated by the lower court in admitting in evidence an alleged letter from Blondet to the plaintiff's mother. The fourth error consists in the admission by the lower court of evidence of acts performed by an aunt or distant relative of Blondet for the purpose of proving the possession by the plaintiff of the status of natural child, contrary to the jurisprudence of the Supreme Court of Spain to the effect that the posses-

sion of such status must be shown by acts of the father or of his immediate family and not by the acts of a collateral relative.

Neither of these two errors was committed.

As to the third, it appears from the statement of the case that after María Teresa Delannoy and her husband, Angel Pacheco, had testified concerning a letter which. defendant Blondet had written to the former when she was engaged to be married to Pacheco, who read the letter and tore it up, the lower court admitted evidence as to the contents of the said letter. After María Teresa had testified to the contents of the letter without objection on the part of defendant, the court also allowed Pacheco to testify respecting the same, to which defendant excepted. Such exception appears to be entirely without ground, for when Pacheco's testimony as to the contents of the letter was admitted the loss of the letter had been proved by showing its destruction, and the court had already been made aware of its contents by the testimony of María Teresa Delannoy, to which no exception was taken by the defendant. No rule of evidence was violated.

As to the error of law assigned under No. 4, it appears that Francisco Cintrón, a witness for the plaintiff, testified as follows:

"I know Carlos Blondet, María Teresa Delannoy and Camila Gaudineau, the last being the aunt of Blondet. I know Luis Delannoy. I remember that Camila Gaudineau ran an account at my store, which she used to settle monthly when she received her income, and while that account was running she came in front of my house one day as usual, remaining outside. I went out to her and she came in with Luis Delannoy, her nephew, as she called him, and she told me that she wished me to open a separate account in the name of her nephew, Carlos Blondet, for the support of his child."

The defendant moved to strike out this testimony of Francisco Cintrón on the ground that he objected to the admission of hearsay evidence to the effect that Camila Gaudineau said that she was a relative of Blondet, and also objected to the

testimony of the witness tending to show that the said Camila treated Carlos Blondet as her nephew.

The court held that the evidence was admissible and the defendant noted an exception on the ground that, according to the rules of jurisprudence, the testimony of such relatives is not admissible to show the relationship between the plaintiff and the defendant, or between the plaintiff and the person said to have made the statement.

We are unable to see that Blondet was prejudiced by the said testimony, for Blondet himself testified that he was the nephew of Camila Gaudineau, and such relationship was testified to by other witnesses, such as María Teresa Delannoy and Isidro Alonso, without any objection on the part of the defendant. That Camila Gaudineau treated the plaintiff as her nephew is also testified to by witness Isidro Alonso, and that she was very fond of him and received him in her house is testified to by María Teresa Delannoy, and no objection whatever was made to such testimony. The testimony of witness Francisco Cintrón, that Camila said she wished him to open a separate account in the name of her nephew, Carlos Blondet, for the support of his child—referring to Luis Delannoy—was pertinent to the case as tending to show that Camila Gaudineau considered the plaintiff the natural child of her nephew, Carlos Blondet, and we do not see that the admission of that evidence was contrary to the judgment of the Supreme Court of Spain of June 17, 1905, relied on by the appellant. That judgment laid down the doctrine that the direct acts of the family referred to in article 135 of the Spanish Civil Code are such as tend to show the uninterrupted possession of the status of natural child of the person seeking the acknowledgment, but not acts which may have been performed by any of the relatives in connection with the suit. Civil Jurisprudence, vol. 101, p. 667.

The fifth error of law has been discussed in disposing of the fourth error of fact, and the doctrine there laid down is applicable here.

For the foregoing reasons the decision appealed from should be

<em>Affirmed.</em>

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case. ₒ