## GEORGE BARTLETT, Appellant, *v.* A. P. HOGDEN, Respondent.

An application for a new trial on the ground of newly-discovered evidence, must show affirmatively, that the evidence is new, material, and not cumulative, that the applicant has used due diligence in preparing his case for trial, that the new evidence was discovered after the trial, and will be important, and tend to prove facts which were not directly in issue on the trial, or were not then known or investigated by proof.

The amount of damages is simply a question of fact within the province of the jury. This court will not undertake to examine the proofs, or declare that the evidence was insufficient to justify the verdict.

The appellate court will not disturb the order of an inferior court in granting or refusing a new trial, unless manifest error shall appear.

APPEAL from the Tenth Judicial District.

The plaintiff in this suit claimed damages from the defendant for the *detention* of certain personal property, specified in the complaint as of the value of $2000, which plaintiff averred belonged to him, and not to defendant, and the possession of which he had demanded of defendant, who had refused to deliver it; and prays for judgment, that the property be restored to plaintiff's possession, and for damages for the detention, &c., and for further relief, &c.

The defendant for answer says, that the allegations in the complaint are not true; upon which issue was joined.

The cause was tried by a jury at August Term, 1852, who found for plaintiff $975, with interest and costs, for which

judgment was rendered accordingly, amounting in the whole to $1256 80.

Defendant moved for a new trial, on the ground, 1st. Of newly discovered evidence. 2d. Excessive damages. 3d. Want of sufficient evidence to justify the verdict.

Defendant's affidavit, filed on the above motion, stated, that since the trial he had discovered evidence to show a sale of the property sued for, from the plaintiff to Shephard, from whom the defendant purchased it, and filed the affidavit of A. L. Merriam, dated 27th August, 1852, who deposed that the plaintiff admitted to him, in the latter part of 1850, or beginning of 1851, that he had sold the property to one D. M. Shephard.

There is also another affidavit in the record filed by plaintiff, of the same witness, A. L. Merriam, dated 6th September, 1852, in which he deposes that what he had stated in the preceding affidavit, as knowing from plaintiff, he had informed the defendant of, a long time previous to the trial of this cause, and that said Bartlett knew the same by information from him.

It was urged by defendant that there was no testimony to justify the verdict, and the evidence taken in the case was referred to. The court, after argument, overruled the motion, and defendant appealed.

*Walker*, for appellant,

Urged that the counter-affidavit of Merriam should not be considered, under the provisions of the Practice Act, sect. 195, which, speaking of motions for new trials, requires that counter-affidavits shall be filed one day at least before hearing, whereas the affidavit in question was filed the day the motion was heard.

A new trial was granted, when it appeared that a witness examined on the first trial could testify as to material facts, and the party applying for it was not aware of the extent of his knowledge at the time of his first examination. 8 Whar. Rep. 489; see also 7 Johns. 306.

From the statement filed, and depositions referred to, nothing is clearer than that the jury gave excessive damages.

*Berry*, for respondent,

Cited Colly's Prac. 330; Morris's Iowa Rep. 398. Merriam

was sworn as a witness on the trial on the part of defendant, and in his counter-affidavit he swears that he had told Bartlett of the very fact before the trial, which he now sets up as newly discovered. And as to the objection that this affidavit was not filed in time, it comes too late in this court, and should have been taken below.

It does not appear from anything the appellant has shown, but that the new testimony relied upon was anything more than merely cumulative, or that it would have altered the result of the case if it had been introduced.

The appeal only brings up a part of the case upon which the Judge below acted (the refusal of the new trial), and appellant can only rely upon his affidavits, and can have no reference to any testimony. The Judge below had matters before him which enabled him to judge of the materiality of the evidence, which this court have not, and cannot have, from the record sent up. And if the case here is different from that presented to the court below, this court cannot review the order of the court below. The Judge below had knowledge of facts which enabled him to know whether the evidence said to be discovered was cumulative or not; whether appellant had used diligence or not; which respondent says is not before this court, and therefore this court cannot, upon the case before it, say, that the court below decided against the sound discretion required of it.

WELLS, Justice, delivered the opinion of the court, with which HEYDENFELDT, Justice, concurred.

The grounds on which the motion for a new trial in the court below was based, were, newly discovered evidence, excessive damages, and insufficiency of the evidence to justify the verdict.

An application for a new trial on the ground of newly discovered evidence, should show affirmatively that the evidence is new, material, and not cumulative, that the applicant has been diligent in preparing his case for trial, that the new evidence was discovered after the trial, and will be important, and tend to prove facts which were not directly at issue on the trial, or were not then known or investigated by proof. Daniel *v.* Daniel, J. J. Marshall's Reports, 52. See Graham on New Trial.

In the case before us, an affidavit was produced, on the part of defendant, and sworn to by him, in which he states, "that since the trial of said cause at the August Term of the District Court, he has discovered evidence to show a sale of the property sued for, from Hogden (the plaintiff) to Shephard, from whom defendant purchased it, and the nature of the evidence is shown by an affidavit of A. L. Merriam, who states that Hogden admitted to him, in the latter part of 1850, or beginning of 1851, that he had sold the property sued for in said suit to one D. M. Shephard. The defendant further shows, by his affidavit, that although he had frequently conversed with said Merriam about transactions between Hogden and Shephard, yet said Merriam had never spoken of Hogden's admissions in regard to the property referred to. It appears, also, that Merriam was examined as a witness on the part of the defendant on the trial; thus showing that the defendant had full opportunity, with the exercise of due diligence, both from frequent conversations with the witness upon the subject-matter before the trial, and through his examination upon the stand at the trial, to have ascertained all that the witness knew upon the subject. It was a material fact to show on the application for a new trial, that Merriam had never informed the defendant before the trial, of the admissions of the plaintiff; and the defendant ought not to have relied on his own single and unsupported statement, but should have procured the affidavit of Merriam to explain how it was, that he concealed a fact so material to the point at issue, until after the trial.

Can it be said that the testimony of Merriam as to the admissions of plaintiff would not be cumulative, or that it would tend to prove facts which were not directly in issue on the trial, or were not then known or investigated by proof? We think not. By an examination of the depositions in writing which were used upon the trial, and also used upon the motion in the court below, we discover that a witness named Springer was examined on the part of the defendant upon the point as to the alleged sale and delivery to Shephard. It then appears that this fact was in issue on the trial, and the same was investigated by proof.

Proof was also adduced upon the trial, as to the amount of damages; this being simply a question of fact, it was entirely

within the province of the jury, and this court cannot undertake to examine into the proofs, or to declare that there was an insufficiency of evidence to justify the verdict.

Much is necessarily left to the discretion of the judges in courts below in granting and refusing new trials; and it is a well-settled principle that appellate courts will not disturb the order of an inferior court on such motions, made in the exercise of that discretion, unless manifest error shall appear. No such error appearing in this case, the judgment must be affirmed.

Ordered accordingly.