[No. 20305.  In Bank. — August 29, 1887.]

# THE PEOPLE, RESPONDENT, *v.* NATHAN B. SUTTON, APPELLANT.

| 73 | 243 |
| 74 | 549 |
| 73 | 243 |
| 77 | 637 |
| 73 | 243 |
| 96 | 241 |
| 73 | 243 |
| 114 | 430 |
| 73 | 243 |
| 143 | 606 |
| 73 | 243 |
| 149 | 350 |

CRIMINAL LAW — DEFENDANT WITNESS IN HIS OWN BEHALF — CROSS-EXAMINATION. — In a criminal prosecution, a defendant who has testified in his own behalf, and on his cross-examination has voluntarily made statements concerning matters not embraced in his examination in chief, may be cross-examined for the purpose of making such statements more clear.

ID. — EXPERT — FAMILIARITY WITH MEDICAL AUTHORS. — In such a case, a physician called by the defendant as an expert, whose competency as such was not questioned, was asked by the defendant as to whether he was familiar with a particular medical book on mental diseases, and answered in the affirmative. The defendant then asked him if he knew whether the book was a standard work. The court excluded the question, upon the objection of the district attorney. *Held,* that the ruling was proper, as an answer would not have tended to prove the witness's familiarity with authors upon that subject.

ID. — HYPOTHETICAL QUESTIONS — INSANITY. — In a prosecution for murder, in which the defense relied on is insanity, a medical expert called by the defendant for the purpose of testing his competency as such may be asked on his cross-examination as to whether or not certain hypothetical facts embraced in the questions put to him would indicate insanity.

NEW TRIAL — NEWLY DISCOVERED EVIDENCE — AFFIDAVITS WHAT MUST SHOW. — An application for a new trial, on the ground of newly discovered evidence, is regarded with distrust and disfavor, and will not be granted when the affidavits used on the motion fail to clearly show that the moving party could not with reasonable diligence have discovered and produced the evidence claimed to be newly discovered on the trial, and that the evidence is such as to render a different result probable on a retrial.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial.

The defendant was convicted of murder in the first degree, and moved for a new trial upon the ground of errors of law, insufficiency of evidence, and newly discovered evidence. The defense at the trial was that of insanity. The newly discovered evidence set forth in the moving affidavits was, that certain relatives of the defendant had been afflicted with insanity. In connec-

tion with this defense, numerous witnesses who had known the defendant for many years testified in his behalf, and the affidavit of one of his counsel showed that during the progress of the trial, which lasted twelve days, he received information of the insanity of certain of the relatives of the defendant. The further facts are stated in the opinion of the court.

*Welles Whitmore*, and *M. C. Chapman*, for Appellant.

*Attorney-General Johnson*. and *S. P. Hall*, for Respondent.

SHARPSTEIN, J. — On the trial the defendant testified on his own behalf, and on his cross-examination stated: "I did not see Martin's [deceased's] cattle on my place but once after I got my gun, and it was too much trouble to get the gun and shoot them. I never thought of shooting them at all. I saw some of Martin's cattle on my said place two years ago, but I did not shoot any of them. The next time that I saw any of them was on September 15, 1886 [the date of the homicide]. There were two bands, fifteen in one and eight in another. When I first saw them I was about a quarter of a mile away, at work at my barn, and when I saw them I went into my house and got my gun to shoot the cattle, but I did not shoot them. I went up on to the hill and saw the band of cattle and Martin [deceased] standing on the top. The cattle were going east."

The question that elicited this statement is omitted in the record, and it does not appear that any objection was interposed to it. But at the conclusion of the above statement the district attorney asked this question, "Then the cattle were going towards Martin's place?"

The defendant's attorney objected, on the ground that it was not cross-examination. The objection was overruled, and the ruling excepted to. The question was not

answered, and the district attorney said, "That was towards the coal mines?"

To which the defendant answered, "Yes, sir."

The district attorney then said, "The coal mine is not on your premises, is it?"

Defendant answered, "No, sir."

The district attorney then asked, "Was anybody driving them [the cattle] that way?" Defendant's counsel objected, on the ground that it was not cross-examination. Objection overruled, and ruling excepted to.

Answer, "No, sir. There was no one behind the cattle. Martin [deceased] was staying up on the hill to drive the cattle off, I suppose."

On his examination in chief the defendant stated that he had been much annoyed by cattle trespassing on his premises, but he did not narrate the facts which he narrated on his cross-examination, without objection, and so far as the record shows, without being interrogated in relation thereto. If he had testified to the same facts on his examination in chief, the right to ask him the questions objected to on cross-examination would be perfectly clear. And we think the questions objected to, and the answers to them, only tended to make more clear some of the statements previously made by the defendant, without objection, on his cross-examination.

We fail to see that the answers to the questions objected to add anything material to what the defendant had previously voluntarily stated. So viewing it, we think the rulings of the court correct, under the provision of the code which limits the cross-examination in such a case to the matters about which the defendant was examined in chief. (Pen. Code, sec. 1323.)

The cross-examination in this case was quite as clearly within the rule as was that held to be so by this court in *People* v. *Russell,* 46 Cal. 121.

The next alleged error relied on by the appellant was the ruling of the court sustaining an objection inter-

posed by the district attorney to a question asked Dr. Buck by appellant's counsel.

Dr. Buck, called by the defendant, testified that he was familiar with Maudsley's Responsibility in Mental Disease. Defendant's counsel then asked him if he knew whether it was a standard work. The district attorney objected, and the court sustained the objection, to which defendant excepted.

It is now insisted that the court erred, because an affirmative answer of the witness would tend to show his great familiarity with authors upon the subject upon which he was called to give expert testimony. But he had testified that he was familiar with the treatise in question; and we think his opinion of it would not tend to prove his great familiarity with authors upon that subject. His competency to testify as an expert does not appear to have been questioned. *People* v. *Donovan*, 43 Cal. 162, cited by defendant's counsel, has no bearing on this question.

On cross-examination by the district attorney, Dr. Buck was asked: "Would you say that in a case where a man had had a grievance against another man, of long standing, and who, seeing that grievance being repeated, should go and get a rifle, walk from a quarter of a mile to a half mile to where the man committing the grievance was, and who should shoot that man, — would you say that that was a case of transitory mania or homicidal mania?"

The defendant objected, on the ground "that it was not cross-examination, and evidently a hypothetical question based upon a portion of the evidence introduced in this case, and not correctly stated, and omitting a large portion of the evidence in the case."

The objection was overruled. The defendant excepted, and the witness answered: "As stated by the district attorney, there is nothing in the statement that would indicate any insanity whatever." The witness was then

asked this question: "Would you say that a man who is very prompt and careful in the paying of his debts,— would you consider that a matter of insanity, indicating the insane temperament?"

Defendant's counsel objected on substantially the same ground on which he objected to the preceding question. The objection was overruled, and the ruling excepted to.

The witness answered: " I should think that was no indication of insanity in any one. I should hope not, I am sure."

We think the rulings of the court upon the objections of the defendant were not erroneous. The witness was being cross-examined, and we think it was proper to ask him such questions as these for the purpose of testing his competency as an expert. If he had testified that the hypothetical facts embraced in either question indicated insanity, we think the jury would have doubted his sanity.

We think the defendant's counsel could not have relied upon those facts as tending to prove insanity. It seems to be well settled that experts of all classes may be asked as to a hypothetical case, and if the facts on which the hypothesis is based fall, the answer falls also.

One of the grounds upon which defendant based his motion for a new trial was newly discovered evidence, which he could not with reasonable diligence have discovered and produced at the trial. At the hearing of the motion the defendant produced the affidavits of the witnesses by whom he expected such evidence to be given.

To entitle a party to a new trial on the ground of newly discovered evidence, it must appear,—"1. That the evidence, and not merely its materiality, be newly discovered; 2. That the evidence be not cumulative merely; 3. That it be such as to render a different result probable on a retrial of the cause; 4. That the party could not with reasonable diligence have discovered and produced it at the trial; and 5. That these facts be shown by the

best evidence of which the case admits." (1 Hayne on New Trial and Appeal, sec. 88.)

" Applications on this ground are addressed to the discretion of the court below, and the action of the court below will not be disturbed except for an abuse of discretion, the presumption being that the discretion was properly exercised." (1 Hayne on New Trial and Appeal, sec. 87.)

The affidavits produced in this case do not make it clear to our comprehension that the court below in denying the motion for a new trial abused its discretion. It is by no means clear that the defendant could not with reasonable diligence have discovered and produced the evidence claimed to be newly discovered at the trial, nor are we prepared to say that it is such as to render a different result probable on a retrial. Of that the court below was in a much better position to judge than we are. And this court has laid down the rule that applications on this ground are to be regarded with distrust and disfavor. (*Baker* v. *Joseph,* 16 Cal. 180; *O'Brien* v. *Brady,* 23 Cal. 243; *Jones* v. *Singleton,* 45 Cal. 92; *Bartlett* v. *Hogden,* 3 Cal. 58; *Hobler* v. *Cole,* 49 Cal. 250; *Arnold* v. *Skaggs,* 35 Cal. 684.)

It not appearing to us that there was any abuse of discretion by the court below, we cannot disturb the order on that ground.

The statement in defendant's brief that " the court in its instructions to the jury assumed that the killing was admitted as proved," is not borne out by the record, as far as we can discover.

All the instructions which defendant's counsel requested to be given were given.

Judgment and order affirmed.

SEARLS, C. J., McFARLAND, J., PATERSON, J., McKIN-STRY, J., TEMPLE, J., and THORNTON, J., concurred.