[No. 20353.   In Bank. — January 25, 1888.]

THE PEOPLE, RESPONDENT, v. EVA HOWARD, AP-
PELLANT.

CRIMINAL LAW — NEW TRIAL — NEWLY DISCOVERED EVIDENCE — AFFIDA-
VITS. — In order to entitle a defendant convicted of a criminal offense to a new trial, on the ground of newly discovered evidence, the affidavits used on the motion must show that the defendant could not, with the exercise of reasonable diligence, have discovered and produced on the trial the evidence claimed to be newly discovered, and that the evidence is such as to render a different result probable if a retrial were had.

ID. — MOTION TO BE REGARDED WITH DISTRUST. — An application for a new trial in a criminal case, on the ground of newly discovered evidence, should be regarded with distrust and disfavor.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion.

*S. W. Geiss,* for Appellant.

*Attorney-General Johnson,* and *R. B. Terry,* for Respondent.

FOOTE, C.—The defendant was convicted of grand larceny. From the judgment entered in the cause, and an order refusing her a new trial, she has appealed.

We cannot agree with the defendant's contention that the evidence was insufficient to justify the verdict of the jury.

It is urged further in her behalf that the newly discovered evidence (which she proposed to introduce if granted a new trial) is shown by the affidavits presented on her part to have been such as would unquestionably have resulted, if put before a jury, in her acquittal, and that she could not, by the exercise of due diligence, have discovered and produced that evidence on the trial at which she was convicted.

In order that a party shall have the right to a new trial after conviction of a criminal offense of the kind in hand, on the ground of newly discovered evidence, it must appear: "1. That the evidence, and not merely its materiality, be newly discovered; 2. That the evidence be not cumulative merely; 3. That it be such as to render a different result probable on a retrial of the cause; 4. That the party could not with reasonable diligence have discovered and produced it at the trial; and 5. That these facts be shown by the best evidence of which the case admits." (Hayne on New Trial, sec. 88.)

"Applications on this ground are addressed to the discretion of the court below, and the action of the court below will not be disturbed, except for an abuse of discretion, the presumption being that the discretion was properly exercised." (Hayne on New Trial, sec. 87).

From the affidavits produced on the hearing of the

motion for a new trial, we do not perceive why the defendant might not, with the exercise of reasonable diligence, have discovered and produced on her trial what is now claimed to be newly discovered evidence, nor can we, with any degree of certainty, declare that it is such as to render a different result probable if a retrial was had.   As to what would probably have occurred if a new trial had been granted, the court below was in a better situation to judge than this court can now be.

We can perceive no possible prejudice created upon the mind of the court by anything which transpired at the hearing of the motion for a new trial, or that it abused the discretion vested in it by law in denying the motion.   It has been repeatedly held by this court that applications for a new trial urged upon the ground now being considered are to be regarded with "distrust and disfavor."  (*People* v. *Sutton,* 73 Cal. 243, and cases cited.)

There is no prejudicial error shown by the record, and the judgment and order should be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.