[No. 20412.   In Bank. — December 28, 1888.]

THE PEOPLE, RESPONDENT, v. LEONG YUNE GUN,
APPELLANT.

CRIMINAL LAW — ASSAULT WITH INTENT TO MURDER — PRESENT ABILITY — INSTRUCTION — IMMATERIAL ERROR. — In a prosecution for an assault with intent to murder, the omission to instruct the jury that "a present ability" to commit the assault is a necessary element of the crime, is an unprejudicial error, when the uncontradicted evidence shows that the assault was committed by a shot from a pistol, and the only question disputed is as to the identity of the person who fired it.

ID. — NEW TRIAL — NEWLY DISCOVERED EVIDENCE AS GROUND FOR. — In order to entitle a defendant convicted of a criminal offense to a new trial, on the ground of newly discovered evidence, the affidavits used on the motion must show that he could not, with the exercise of reasonable diligence, have discovered and produced the evidence on the trial, and that it is such as to render a different result probable if a retrial were had.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Wilson & Trout*, and *Frank H. McNally*, for Appellant.

*Attorney-General Johnson*, and *Robert Ferral*, for Respondent.

FOOTE, C. — The defendant was convicted of an assault with intent to commit murder. From the judgment of conviction, and an order denying a new trial, he has appealed.

The point of objection made to the instructions of the court is, that they omit to inform the jury that one of the elements constituting the crime charged against the defendant must be "a present ability" to do it.

Conceding, under section 240 of the Penal Code, that this element is essential to make out the crime, yet the evidence in this case without conflict shows that who-

ever shot at and wounded the prosecuting witness, Jare Hoy, in the head with a pistol-ball, had the present ability to inflict, and did inflict, that injury.

There was no dispute whatever but what the prosecuting witness was so shot at the time charged in the information, and that the person doing the injury had the present ability to accomplish it; the dispute was as to *who* did it, the defendant endeavoring to show that he was not the individual.

The jury had no need to consider whether or not the defendant had the present ability to commit the act complained of; such ability was conceded to exist, if he should be proved to have done the shooting. And the defendant made no request that an instruction be given covering the omission. If the omission was error, it was harmless.

The affidavits as to newly discovered evidence show that such evidence comes clearly within the rules laid down in *People* v. *Sutton,* 73 Cal. 243; *People* v. *Howard,* 74 Cal. 547; Hayne on New Trial and Appeal, sec. 88; and a new trial was properly refused.

There was no error in refusing the defendant's motion for a continuance, there was no legal showing made, and the court did not abuse its discretion in the premises.

No prejudicial error appearing, the judgment and order should be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

THE COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.