## GRUSS v. ROBERTSON et al.

### No. 18,283; September 5, 1894.

#### 37 Pac. 772.

New Trial.—The Granting a New Trial on the Ground of newly discovered evidence is discretionary with the trial court.

APPEAL from Superior Court, Plumas County; G. G. Clough, Judge.

Action by Joseph Gruss against Martha Robertson and others. From an order granting a new trial, defendants appeal. Affirmed.

Goodwin & Goodwin for appellants; C. E. McLaughlin for respondent.

PER CURIAM.—This is an appeal from an order granting the plaintiff a new trial upon the ground of newly discovered evidence, and the only question is, Did the court abuse its discretion in making the order? It is true that "applications for new trials upon the ground of newly discovered evidence must be looked upon with suspicion and disfavor, because the temptation to make a favorable showing after having sustained a defeat is great": Arnold v. Skaggs, 35 Cal. 684. But it is also true that "applications on this ground are addressed

to the discretion of the court below, and the action of the court below will not be disturbed, except for an abuse of discretion, the presumption being that the discretion was properly exercised'': Hayne on New Trial and Appeal, sec. 87; People v. Sutton, 73 Cal. 248, 15 Pac. 86; People v. Urquidas, 96 Cal. 240, 31 Pac. 52. At the hearing of the motion affidavits were read by both sides, and it must be presumed that they were properly looked upon and considered by the court. They were conflicting as to some of the facts stated, but it was the province of that court to determine on which side was the truth. Assuming, therefore, as we must, that the facts stated in the plaintiff's affidavits were true, we think there was a sufficient showing to meet the requirements of the law in such cases and to justify the order. At any rate, we cannot say that the action of the court was an abuse of its discretion. The order appealed from is affirmed.