[Crim. No. 3565.   Second Dist., Div. Three.   May 25, 1942.]

THE PEOPLE, Respondent, v. LEWIS POOR et al., Defendants; JESS GONZALES, Appellant.

George R. Stene for Appellant.

Earl Warren, Attorney General, and R. S. McLaughlin, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—The defendants, Poor, Gonzales, and Segura, were charged in an information in two counts with robbery while armed with a pistol. The defendants pleaded not guilty. Gonzales admitted that he had been convicted previously of a felony. The trial proceeded as to Gonzales and Segura. Poor testified for the prosecution. The jury found Gonzales and Segura guilty on both counts as charged.

Gonzales made a motion for a new trial upon various grounds, including the ground of alleged newly discovered evidence.

In support of such motion an affidavit by Gonzales was filed which stated in substance that after the trial Segura first informed Gonzales that Gonzales had no connection with this robbery and that Segura would so testify; that Gonzales could not discover this earlier because Segura refused to divulge the information at any prior time for the reason Segura hoped to be acquitted of the charge.

In further support of the motion an affidavit by Segura was filed which stated that the robbery was committed by Poor, Segura, and a person called "Freddy," and that Gonzales was not present or in any way connected with the robbery.

The motion for a new trial was denied, and sentence was pronounced.

Gonzales appeals from the judgment of conviction and from the order denying his motion for a new trial. His contention is that the court erred in denying said motion, made upon the ground of newly discovered evidence.

The argument in support of appellant's contention on appeal is: that the only testimony connecting him with the robbery was (1) the testimony of Poor, a purported accomplice, and (2) the testimony of Joe Jiminez, a victim of the robbery, whose testimony was weak, confusing, and impeached; that four witnesses testified that appellant was at a cafe, about six miles from the scene of the robbery, at the time the robbery was committed; that if such newly discovered evidence were presented upon a new trial, it is probable that appellant would be acquitted.

At the trial Poor testified that he, Segura, and appellant robbed Jiminez and Salas, the other victim; that they went to a hotel and divided the loot. Jiminez testified that appellant robbed him. Segura testified that he (Segura) was not present at, and did not participate in, either of the robberies; that

he did not remember whether he had seen appellant the day of the robbery or the day before; that he spent the evening of the robbery at or near a theater (which was several blocks from the scene of the robbery). A police officer testified that Segura said at the time he was arrested that he had participated in the robberies.

The testimony of the accomplice, Poor, identifying appellant as a participant in the robberies, was corroborated by the positive testimony of Jiminez, one of the victims. To corroborate the testimony of an accomplice only slight evidence which tends to connect the appellant with the commission of the offense is required. (*People* v. *Yeager*, (1924) 194 Cal. 452, 473 [229 Pac. 40].) In this instance, however, the corroboration was not slight but was the direct testimony of an eyewitness. It clearly comes within the rule stated in *People* v. *Hoyt*, (1942) 20 Cal. (2d) 306 [125 P. (2d) 29].

The newly discovered evidence offered by Segura was to the effect that his testimony that he was not present and did not participate in the robberies was not true. It is not a legal requirement that a new trial be granted upon the ground of newly discovered evidence when it is shown by affidavit of a witness that he committed perjury at the trial. (*People* v. *Lee*, (1935) 9 Cal. App. (2d) 99, 106 [48 P. (2d) 1003]; *People* v. *Tallmadge*, (1896) 114 Cal. 427, 430 [46 Pac. 282].)

The motion for a new trial was addressed to the sound discretion of the trial court and its ruling thereon should not be disturbed unless its discretion has been abused. (*People* v. *Lerner*, (1936) 11 Cal. App. (2d) 208, 210 [53 P. (2d) 194].) Newly discovered evidence must be such as to render a different verdict reasonably probable upon a retrial. (*People* v. *Morton*, (1939) 32 Cal. App. (2d) 662, 664 [90 P. (2d) 845].) The trial court did not abuse its discretion.

The judgment and the order denying the motion for a new trial are, and each is, affirmed.

Schauer, P. J., and Shinn, J., concurred.