[Crim. No. 738.   Fourth Dist.   Jan. 8, 1951.]

THE PEOPLE, Respondent, v. HERMAN JOSEPH RICHARD et al., Appellants.

Kahn & Block for Appellants.

Fred N. Howser, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendants were charged with the crime of arson arising out of the burning of a building known as the Strand Hotel in the city of Coronado. After a lengthy trial by jury, verdicts were returned finding all three defendants guilty of arson as charged in the information. A motion for a new trial was denied and judgment was pronounced as to defendants Herman and Raymond Richard and they were sentenced to the state prison. Sentence was suspended as to Margie Richard and she was granted probation. This appeal is from the judgment of conviction and from the order denying the motion for a new trial.

Defendants present two contentions, both of which relate

to the trial court's ruling on the motion for new trial. They are (1) That the court erroneously entertained the opinion that it was legally powerless in passing upon the motion to substitute its opinion for that of the jury; and (2) That there was an abuse of discretion in holding that proposed newly discovered evidence was cumulative in character.

In support of their first contention, defendants set forth at length the remarks of the trial court relative to its duty in passing upon the motion for a new trial. The court quoted from the decision in *Green* v. *Soule,* 145 Cal. 96 [78 P. 337], and stated that the law relating to the duty of the trial court is as set forth on page 103 of the decision in the following language:

"Of course, the judge should give due respect to the verdict of the jury, and may sometimes properly deny a new trial in cases where if submitted to him without a jury he might upon the evidence have made a different decision. He must be clearly satisfied that the verdict is wrong; otherwise, he should let it stand. But in considering the question upon the motion he must act upon his own judgment as to the effect of the evidence. The parties are entitled to the judgment of the jury in rendering a verdict, in the first instance; but upon a motion for a new trial they are equally entitled to the independent judgment of the judge as to whether such verdict is supported by the evidence."

The court remarked that in applying these rules, he had given consideration to all the evidence and affidavits and all of the circumstances presented in court; that following the rule in *Green* v. *Soule,* he could not say that he was clearly satisfied that the jury was wrong. In concluding his comments, the court used the following language:

"The statement is made in the cases the judge is a thirteenth juror. I think that means that he must independently weigh the evidence. Having done that, he must determine not what he would have done, but he must consider the jury's verdict and then must say, 'Am I clearly satisfied it was wrong?' And having done that in this case, with all of the circumstances, I am not able to come to that conclusion. So the motion for new trial on both grounds will be denied."

Defendants apparently contend that they were denied the independent judgment and ruling of the trial judge as to the sufficiency of the evidence on the supposition that he entertained a reasonable doubt as to their guilt. This contention is without merit. The jury returned verdicts finding

the defendants guilty and the court remarked that he was "not clearly satisfied that it was wrong." This was a ruling on the verdicts and involved the question of the sufficiency of the evidence and was made by the court after independently weighing all of the evidence. It was, in effect, a ruling that the evidence was sufficient to support the verdicts and judgment. The record does not show that the trial court had any doubt of the guilt of the defendants and on this appeal no question is raised as to the sufficiency of the evidence to support the verdicts of conviction. It is quite apparent that the trial judge did not deny the defendants the right which they had to his consideration of the sufficiency of the evidence.

A trial court has broad discretion in passing upon a motion for a new trial made on the ground that the verdict is contrary to the evidence and its action in denying the motion will not be disturbed on appeal unless it clearly appears that it abused such broad discretion. (*People* v. *Sarazzawski*, 27 Cal.2d 7, 16 [161 P.2d 934].)

As was said in *People* v. *Mattmueller*, 25 Cal.App.2d 418, 420 [77 P.2d 504], a trial court in a criminal proceeding is vested with so wide a discretion in the matter of passing upon a motion for a new trial that its action in granting the motion will be disturbed only when there is a clear showing of a manifest and unmistakable abuse of such discretion.

In *People* v. *Sarazzawski, supra*, it was held that a motion for a new trial on the ground that the verdict is contrary to the evidence presents an issue to the trial court upon which an appellate court cannot pass; that an appellate court cannot appraise the weight of the evidence and can only review it for its legal sufficiency; that the trial court in ruling upon a motion for a new trial is not bound by conflicts in the evidence and that while the solemn verdict of a jury should not lightly be vacated, a responsibility, nevertheless, rests with the trial court again to review the cause and only after such review to decide the application for a new trial.

The trial court herein properly considered the verdicts of the jury, again reviewed the cause, and only after such a review, denied the motion for a new trial. The defendants were entitled to and received two decisions on the evidence, one by the jury and the other by the trial judge. No abuse of discretion appears.

Appellants' contention that the trial court abused its discretion in holding that certain "newly discovered" evidence

was cumulative in character is likewise without merit. This contention is made on the basis of the affidavit of Herbert K. Mann and on the statement of the witness Carl Weber as to the availability of records of certain telephone calls.

Defendants contend that there were certain conflicting statements of witnesses as to where they saw a fire in the downstairs building after the explosion; that the evidence offered to be proved by the affidavit of Mr. Mann was the testimony of the only actual eyewitness to the outbreak of the blaze; that this testimony would have served to directly contradict the expert evidence given by one of the witnesses for the prosecution. ■ However, the witness Mann was not the only one at the scene when the fire started and his testimony and conclusions relate to his observation of the building at about the time the fire started and is not inconsistent with the testimony adduced by the prosecution, and, as the trial court remarked, it was essentially cumulative in its nature and there was no reason to believe that the jury would come to any different conclusion from such testimony.

■ The trial court was vested with the discretion to determine the truth of the affidavits offered in support of the motion for a new trial. (*People* v. *Radz*, 119 Cal.App. 435 [6 P.2d 527] ; *People* v. *Peyton*, 47 Cal.App.2d 214 [117 P.2d 683] ; *People* v. *Poor*, 52 Cal.App.2d 241 [126 P.2d 146] ; *People* v. *Coronado*, 57 Cal.App.2d 805 [135 P.2d 647].)

■ The defendants made no showing of diligence to produce the testimony of the purported witness Herbert K. Mann. There is no showing of any unavailability of this witness during the course of the trial except the statement in his affidavit that he did not feel that his testimony would be of any value because he "thought there were other people who observed the fire."

■ A motion for a new trial on the ground of newly discovered evidence is addressed to the discretion of the trial court and the determination of that motion will not be disturbed on appeal except for a clear abuse of discretion. ■ Such applications are not regarded with favor. (*People* v. *Yankee*, 79 Cal.App.2d 431, 436 [179 P.2d 582] ; *People* v. *English*, 68 Cal.App.2d 670, 673 [157 P.2d 429].)

As was said in *People* v. *Sutton*, 73 Cal. 243, 247-248 [15 P. 86] :

"To entitle a party to a new trial on the ground of newly discovered evidence, it must appear,—'1. That the evidence, and not merely its materiality, be newly discovered; 2. That

the evidence be not cumulative merely; 3. That it be such as to render a different result probable on a retrial of the cause; 4. That the party could not with reasonable diligence have discovered and produced it at the trial; and 5. That these facts be shown by the best evidence of which the case admits.' (1 Hayne on New Trial and Appeal, sec. 88.)''

The substance of the statement of the witness Carl Weber is not set forth in the record before us, but it was asserted by defendants' counsel in the argument for a new trial that Weber's testimony would be that due to the number of slips required to be counted, it would be impossible for the telephone company to ascertain if there had been a telephone call made by defendant Raymond Richard from El Cajon at about the time of the fire. However, the witness Weber testified for the People and later as a witness for the defendants and made it quite clear that it was almost impossible to obtain the information desired by the defendants, particularly in view of the lack of definiteness in the description of the particular pay telephone station from which the so-called telephone call was made. The substance of Weber's additional testimony would be merely cumulative and entirely negative. There was no showing of the exercise of diligence in obtaining the offered evidence and the trial court's conclusion that the testimony of this witness was cumulative in nature is amply supported by the record.

A brief summary of the evidence is as follows: On October 31, 1949, at approximately 6.50 p. m., a loud explosion was heard in the vicinity of the Strand Hotel, a two-story frame structure, in the city of Coronado. Immediately thereafter smoke and flames emanated from the second story of the structure and the figure of a man dressed in dark trousers and white shirt was seen running in a northerly direction over the rooftop of the building, immediately north of the hotel. Witnesses who were in the hotel a few minutes before the fire noticed a strong odor of gasoline and saw puddles of liquid on the floor of a second-story room, and in the midst of one of the puddles was a child's ''jack-o-lantern.'' The hall carpet in front of the door to this room was ''saturated.''

An investigator for the arson department of the National Board of Fire Underwriters qualified as an expert and testified that he had inspected the building after the fire and reached the conclusions that the fire was a gasoline fire and had three separate points of origin, each far removed from the others, and all in the upstairs portion of the building; that

there had been an explosion in room number five and that the floor of this room and the lobby area bore marks of gasoline combustion; that there had been a gasoline fire in an unnumbered room and that there was no indication of accidental origin of the fire.

A chemist testified that he had examined a rug and padding taken from room number nine and concluded from his examination that the rug and pad had been saturated with gasoline.

The hotel was operated and managed by the defendants Herman and Margie Richard. The furnishings were owned by them and were insured for the sum of $3,000, although the retail value of the furniture in the building at the time of the fire was only about $1,200.

A few minutes before the fire, defendants Herman and Margie hurriedly left the hotel and walked south. One witness testified that he saw defendant Herman Richard several minutes before the fire and on a second-floor stairway landing at the rear of the hotel. A heel print was found on the ground beneath the overhanging porch, the roof of which was contiguous to the roofs of the buildings north of the hotel. The heel print bore markings similar to or identical with certain markings on the heel of defendant Raymond's left shoe which he was admittedly wearing on the night of the fire.

Upon their apprehension on the night of the fire, defendants Herman and Margie were questioned at length by the police and told conflicting stories as to the type and amount of clothes each had in the hotel at the time of the fire. The defendant Raymond was arrested in New Orleans one week after the fire and when questioned, stated that he had left the hotel between 5:30 and 6 p. m., and after a five minute stay in Coronado, had taken the ferry across San Diego Bay and proceeded east out of the city of San Diego. However, there was evidence from which the jury could reasonably conclude that defendant Raymond did not leave Coronado at the time claimed by him but that he left at about the time the fire started.

A witness for the prosecution testified that in June, 1949, while she was assisting the defendant Herman Richard in the operation of the hotel, he suggested to her that the hotel could be burned and that he would share one-third of the insurance recovery with her.

There was evidence that the Strand Hotel was not a paying proposition; that the defendants' bank account had been

depleted to but a few dollars in October, 1949; and that defendants were not at all times able to pay the rent.

The foregoing evidence and other facts and circumstances shown by the record were sufficient to justify the verdict of the jury and its determination will not be here interfered with. (*People* v. *Pianezzi*, 42 Cal.App.2d 270, 277 [108 P.2d 685].) An appellate court cannot order a new trial on the ground of the insufficiency of the evidence if there is any substantial evidence by which the verdict can be supported. (*People* v. *Sarazzawski, supra*, p. 16.)

It does not affirmatively appear from the record that judgment was pronounced as to defendant Margie Richard. The imposition of sentence as to her was suspended. Her attempted appeal from such purported judgment is dismissed. (*In re Phillips*, 17 Cal.2d 55, 58 [109 P.2d 344, 132 A.L.R. 644].)

The judgment of conviction as to defendants Raymond Richard and Herman Richard is affirmed, and the order denying motion for a new trial is affirmed.

Barnard, P. J., and Griffin, J., concurred.