[Crim. No. 5809. In Bank. Feb. 24, 1956.]

THE PEOPLE, Respondent, v. ALFRED LEONZA BEARD, Appellant.

Joseph H. Lewis and E. V. Cavanaugh for Appellant.

Edmund G. Brown, Attorney General, William E. James, Marvin Gross and Joan D. Gross, Deputy Attorneys General, for Respondent.

TRAYNOR, J.—By information defendant was charged with one count of possessing marijuana (Health & Saf. Code, § 11500), and one prior misdemeanor conviction of the same offense. A jury trial was waived, and by stipulation the prosecution's case was submitted on the transcript of the preliminary hearing. Defendant testified in his own behalf. He was found guilty and sentenced to the state prison for the term prescribed by law. He appeals from the judgment and from the order denying his motion for a new trial.

Officer Buckner of the Los Angeles Police Department testified that shortly after noon on September 17, 1954, he and another officer were driving north on Maple Avenue when they observed defendant and a friend of his named Fortier driving west on 29th Street. Defendant was driving. The officers overshot 29th Street, went around the block and came back on 29th Street approaching Maple Avenue from the west. They observed defendant's car parked ahead of them. Defendant and Fortier then started driving down the street toward the officers' car, and when they had gone about

half a block, the officers stopped them, got them out of the car, and searched them and the car. A marijuana cigarette was found under the left hand side of the front seat, and some brown cigarette paper was found in one of defendant's pockets. Defendant then accused the officers of "planting him." Officer Buckner also searched the area near the place where defendant's car had been parked, and inside a fence found six marijuana cigarettes wrapped in wax paper.*

Defendant testified that he stopped for Fortier at his home about 10 minutes before he was stopped by the officers. He stopped again at 29th and Maple so that Fortier could buy something at the corner, and defendant also got out of the car to fix his foot pedal. He did not see the officers find a cigarette in his car, and neither of them showed him the cigarette that Officer Buckner testified was found in the car, and he did not know that there was any marijuana cigarette in his car. He worked as a janitor and had left his car open on various occasions.

After he was found guilty, defendant secured new counsel and moved for a new trial on the ground of newly discovered evidence. (Pen. Code, § 1181, subd. (8).) He presented affidavits of Fortier and a person who lived near the scene of the arrest, and each affiant stated that he had observed the search of the car and that neither officer had found a marijuana cigarette in the car. He also filed an affidavit in his own behalf stating that he was personally unable to secure the evidence before the trial because he was in custody. His new counsel filed an affidavit stating that he had no knowledge as to why defendant's witnesses were not produced at his trial.

▪ Defendant contends that the officers did not have reasonable cause to believe that he had committed a felony and that therefore his arrest and the search of his automobile were illegal. This case was tried before the decision in *People v. Cahan*, 44 Cal.2d 434 [282 P.2d 905], no evidence was presented for the purpose of determining whether or not the officers had reasonable cause for making an arrest, and the record is completely silent on this question. In *People v. Farrara, ante*, p. 265 [294 P.2d 21], we held that under these circumstances it must be presumed that the arrest was justified.

---

*The committing magistrate refused to admit these cigarettes in evidence on the ground that they had not been sufficiently connected with defendant, and the trial court stated that he did not consider the testimony of the officer concerning them in finding defendant guilty.

Defendant also contends, however, that the officers failed to comply with section 841 of the Penal Code and the arrest was therefore unlawful. That section provides: ''The person making the arrest must inform the person to be arrested of the intention to arrest him, of the cause of the arrest, and the authority to make it, except when the person to be arrested is actually engaged in the commission of or an attempt to commit an offense, or is pursued immediately after its commission, or after an escape.'' The record is not clear as to just what the officers said to defendant at the time of the arrest and search, and it may be conceded that there is some evidence that they did not expressly inform him ''of the intention to arrest him, of the cause of the arrest, and the authority to make it.'' Since the trial court found, however, that defendant was arrested while engaged in the commission of the offense, there was no violation of section 841.

Defendant contends that the trial court erred in denying his motion for a new trial on the ground of newly discovered evidence.

Penal Code, section 1181, provides:

''When a verdict has been rendered or a finding made against the defendant, the court may, upon his application, grant a new trial, in the following cases only: . . .

''8. When new evidence is discovered material to the defendant, and which he could not, with reasonable diligence, have discovered and produced at the trial. . . .''

In *People* v. *McGarry,* 42 Cal.2d 429, 432 [267 P.2d 254], it was pointed out that a motion for a new trial is addressed to the sound discretion of the trial court, and that ''The elements of the standard by which a trial court in its discretion may properly grant a new trial on the ground of newly discovered evidence are set forth in *People* v. *Sutton,* 73 Cal. 243 [15 P. 86]. At page 247 it is stated that 'it must appear,—''1. That the evidence, and not merely its materiality be newly discovered; 2. That the evidence be not cumulative merely; 3. That it be such as to render a different result probable on retrial of the cause; 4. That the party could not with reasonable diligence have discovered and produced it at the trial; and 5. That these facts be shown by the best evidence of which the case admits.'' (1 Hayne on New Trial and Appeal, § 88.) ' More recent cases have turned on a lack of one or more of the foregoing requirements, but the over-all rules have withstood the test of time and properly

state the existing law. (See *People* v. *Richard*, 101 Cal.App. 2d 631, 635-636 [225 P.2d 938].)'' (42 Cal.2d at 433.)

In the light of the foregoing rules it cannot be said that the trial court abused its discretion in this case. Thus, Fortier was present in defendant's car at the time of the arrest and search and was also charged with a violation of Health and Safety Code, section 11500, which charge was dismissed at the preliminary hearing. Obviously defendant was aware that Fortier was a potential witness, and it is not claimed that his former attorney could not have had him subpoenaed had his testimony been wanted at the trial. Similarly there is no showing as to why the other witness could not be located and subpoenaed. She lived near the scene of the arrest, and the trial court could reasonably infer from the fact that she was close enough to observe the search, that defendant was aware of her presence at the time. Although, while he was in custody, defendant could not personally locate this witness, there is no showing why the same investigation made to locate her after the trial would not have succeeded had reasonable diligence been used earlier. Moreover, although defendant now contends that he should not be penalized for any lack of diligence on the part of his former attorney, neither his nor his present attorney's affidavit states facts indicating that the failure to obtain the evidence now presented was owing to any lack of diligence of the former attorney. Defendant does not state that he informed his former attorney that bystanders witnessed the search, that he requested that she attempt to locate such witnesses, or that she refused to make any attempt to secure witnesses in his behalf. Under these circumstances the trial court could reasonably conclude that defendant had not shown that the decision to rely solely on his own testimony was other than his own, or that the evidence now presented was evidence ''which he could not, with reasonable diligence, have discovered and produced at the trial.'' (Pen. Code, § 1181, subd. (8).)

The judgment and order are affirmed.

Gibson, C. J., Schauer, J., Spence, J., and McComb, J., concurred.

Shenk, J., concurred in the judgment.

CARTER, J.—I dissent.

Since the facts of this case with respect to the reasonableness of the search are quite similar to those in the case of

*People* v. *Martin,* Crim. 5758, *ante,* p. 106 [293 P.2d 52]. I refer to my dissent in that case as an expression of my views on the law applicable to the case at bar.

There is another reason why I would reverse the judgment in the case at bar which is not mentioned in my dissent in the Martin case, *supra.* As pointed out in the majority opinion in the case at bar, this case was tried before the decision of this court in *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905], and therefore the trial court did not have before it or take into consideration the rule announced in the Cahan case with respect to the admissibility of illegally obtained evidence. Neither did the trial court have occasion to pass upon the reasonableness of the search and seizure as this factor was not considered material under the rule and practice which existed prior to the decision of this court in the Cahan case. For this reason we do not have the benefit of the finding of the trial court on the question of whether or not the officers who conducted the search here had reasonable cause to believe that defendant had committed a felony or was engaged in the commission of a felony at the time of the search. While it is my opinion, that on the record before us, no reasonable cause is shown for the search of the defendant, and it must therefore be declared to be an illegal search, it may be that if the case against the defendant was being prosecuted in the light of what was said by this court in the Cahan case and cases which have followed that case, the prosecution would no doubt offer any evidence available for the purpose of showing the reasonableness of the search and the trial court would necessarily make a finding on this issue in ruling on the admissibility of the evidence obtained as the result of the search. If there was a conflict in the evidence on this issue, we would be bound by the finding of the trial court the same as we should be bound by such a finding in any other case.

I can see no justification whatsoever for the holding of the majority in this case that the evidence as a matter of law shows that the officers had reasonable grounds to believe that defendant had committed or was engaged in the commission of a felony at the time they made the search and seizure here involved, but on the contrary it appears from the face of the record that the only conclusion that can be drawn is that the officers had no cause whatever to believe defendant had committed or was engaged in the commission

of a felony and therefore the search and seizure was illegal and the evidence obtained thereby should be held inadmissible under the rule in the Cahan case.

I would therefore reverse the judgment and remand the case for a new trial so that the trial court would have an opportunity to pass upon the reasonableness of the search in view of the evidence which might then be presented in the light of the decision of this court in the Cahan case and other cases involving this same subject matter since the decision of this court in the Cahan case.