**BOSTON INSURANCE COMPANY, a corporation, Appellant,**

v.

**Hyrum JENSEN, individually and doing business as Eureka Lumber Company, Appellee.**

**No. 15820.**

United States Court of Appeals Ninth Circuit.

Sept. 29, 1958.

See also 20 F.R.D. 619.

---

Augustus Castro, San Francisco, Cal., for appellant.

Frederick L. Hilger, Eureka, Cal., for appellee.

Before STEPHENS, Chief Judge, and DENMAN and BARNES, Circuit Judges.

DENMAN, Senior Circuit Judge.

The Boston Insurance Co., a Massachusetts corporation, hereafter Insurer, appeals from a judgment of the District Court in a jury-tried case holding it liable for $20,000 on its policy for that amount issued in California to Hyrum Jensen, a citizen of California, hereinafter the Insured, for damage by fire to a stock of lumber and movable lumber machines contained in an enclosed lumber shed in Eureka, California.

The Insurer urges two main contentions. One is that the fire was caused by the arson of the Insured. On this we agree with the Court's instruction that the evidence was not sufficient to support

charge of arson, and affirm the decision of the Court against the Insurer on this issue.

The other contention is that Insured conspired with his son Dee Jensen to falsely increase the amount of lumber burned and did falsify its claim to the Insurer for $20,000.

Appellee claimed and testified that approximately 100,000 board feet of lumber burned worth over $20,000. There was contrary testimony that the amount of lumber in the shed was less than 2,000 feet. Dee Jensen, as his father's agent, was responsible for estimating Insured's loss and there was evidence that Dee Jensen concealed books of account which would have disclosed Insured's true inventory and falsely claimed they were destroyed. In this situation the Insurer requested the following instruction citing the California authorities supporting it:

"When a conspiracy has been established, the act of one conspirator in furtherance of the common purpose is the act of all the conspirators; and each conspirator is equally liable for all the consequences of the conspiracy, even though they did not know the details of the scheme from its inception and regardless of the extent of their participation or the share of the moneys obtained by them.

"State v. Gray [Day], 1946, 76 Cal.App.2d 536, 173 P.2d 399; Anderson v. Thacher, 1946, 76 Cal.App. 2d 50, 172 P.2d 553 [533]; Mox, Inc., v. Woods, 1927, 202 Cal. 675, 262 P. 302."

This the Court refused to give though the jury during their deliberations requested that they be instructed on whether an "employer is responsible for possible misstatements or fraud of an employee on a statement or document if the employer signs the document."

Further, to support its contention of a conspiracy of the father and son who lived together the Insurer offered to prove as motive for the offense of attempting to obtain the insurance money

under false pretenses, that the Insured was in a bad financial condition. We think the Court erred in refusing to admit such evidence. The California District Court of Appeal has repeatedly held that bad financial condition can be shown as a motive for such conduct. People v. Freeman, 1955, 135 Cal.App. 2d 11, 14, 286 P.2d 565—heavily in debt; People v. Richard, 1951, 101 Cal.App.2d 631, 637, 225 P.2d 938—business not a paying proposition; People v. Sherman, 1950, 97 Cal.App.2d 245, 249, 217 P.2d 715—indebted for rent.

■ Since the judgment is reversed and the case to be retried on the issue of the Insured's fraud and conspiracy to accomplish it, we consider another of the contentions of the Insurer. It is that the burden of proof is on the Insured to establish that his records are lost when he fails to produce them as required by the policy provision and that the Court erred in giving the following instruction to the jury:

"* * * you should not find in favor of the defendant on this issue unless you are convinced by a preponderance of evidence that the plaintiff willfully failed to produce records which were material to his claim of loss and within his power to produce."

The law in California which here controls, clearly supports the Court's instruction. In Witherow v. United American Ins. Co., 1929, 101 Cal.App. 334, at page 336, 281 P. 668, at page 669, the California District Court of Appeal held:

"Where the plaintiff proves the existence of a contract of insurance, a fire which results in a loss to the insured with due notice or proof of loss, where necessary, to the insurer, and the insurance company seeks to avoid payment by reason of the breach of a proviso or condition contained in the policy, the burden rests upon the insurance company to prove, by a preponderance of the evidence, the facts necessary to bring the case within the terms of the pro-

viso or condition under which it seeks to escape liability."

The judgment is reversed and the case remanded for retrial on the issue of the attempt to recover insurance money on a false pretense of loss.