[Crim. No. 6210. Second Dist., Div. Three. Nov. 5, 1958.]

THE PEOPLE, Respondent, v. MOODY LORENZO BROWN, Appellant.

Minsky, Garber & Rudof for Appellant.

Edmund G. Brown, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Respondent.

SHINN, P. J.—Moody Lorenzo Brown was indicted for and in a court trial convicted of an offense of selling heroin and was sentenced to state prison. Brown appeals from the judgment and the denial of his motion for new trial.

The evidence consisted of the transcript of the proceedings before the grand jury and additional evidence introduced at the trial. Justin B. Burley, a Los Angeles County sheriff's deputy assigned to the narcotics detail, was the chief witness for the People. The following is the substance of his testimony. The officer received information from a Sergeant Kiho that a man called Moody Malek was selling narcotics. On June 21, 1957, Burley and a confidential informant, Eddie Jordan, drove to 106th Street and Avalon Boulevard in Los Angeles. The officer placed a telephone call to Moody Malek at Pleasant 54380 and listened over the earpiece to a conversation between Jordan and Malek. At 2:30 p. m., Burley and Jordan drove to 105th Street and Stanford, where they met Malek. Jordan gave Malek $10; Malek gave the informer a paper bindle which Jordan handed to the officer. At 10 p. m., Burley and Jordan drove back to 106th and Avalon and placed

another telephone call to Malek. A few minutes later they drove to 105th and Stanford. The officer handed $10 to the informer. Jordan left the automobile and walked over to Malek, who was standing 15 or 20 feet away from the car. Malek and Jordan "exchanged something," whereupon the latter returned to the car and handed a second paper bindle to Officer Burley. The two bindles were proved to contain heroin. They were introduced in evidence without objection.

In his testimony before the grand jury, Burley described Moody Malek as a male Negro, about 6 feet tall and weighing between 160 and 170 pounds, having straight hair and a light complexion. The officer testified at the trial that his previous description of Malek was incorrect. He identified appellant Brown as the man he saw on June 21st and stated that the voice he heard over the telephone was that of appellant. Upon being asked Jordan's whereabouts at the time of trial, the officer replied that he did not know where Jordan was.

Brown testified in his own behalf that he did not sell any narcotics to Eddie Jordan. He denied knowing Jordan and denied using the name of Moody Malek. He stated that he was 5 feet 7 inches tall and weighed 140 pounds. On cross-examination, he admitted that the telephone number at his residence was Pleasant 54380.

Appellant made a motion for new trial upon the ground of newly discovered evidence. He submitted to the court an affidavit of one Eddie Jordan in support of the motion. The affidavit was dated 30 days after the conclusion of the trial. Jordan averred in his affidavit that if called as a witness he would testify that he did not engage in a narcotics transaction with Officer Burley and appellant either on June 21st or at any other time. The motion for new trial was denied by the court.

The sole contention presented on the appeal is that the court should have granted appellant's motion for new trial. ▆ Penal Code, section 1181, subdivision 8, authorizes the court to grant a new trial when new evidence is discovered material to the accused, and which he could not, with reasonable diligence, have discovered and produced at the trial. The defendant must show that the evidence, and not merely its materiality, is newly discovered, that the evidence is not merely cumulative, that it is such as to render a different result probable on a retrial, and that he could not with reasonable diligence have discovered and produced it at the trial; these facts must be shown by the best evidence of which

the case admits. (*People v. Sutton*, 73 Cal. 243 [15 P. 86] ; *People v. McGarry*, 42 Cal.2d 429, 433 [267 P.2d 254].)

The court did not abuse its discretion in denying the motion for new trial. It was incumbent on appellant to show that Jordan could not, despite the exercise of reasonable diligence, have been produced as a witness at the trial. Appellant was obviously aware that Jordan was a potential witness for some time prior to the trial. Appellant did not file his own affidavit in support of his motion. The only affidavit filed was that of Eddie Jordan. There was a total failure to make a showing that the prospective evidence was newly disclosed or that it could not have been produced at the trial in the exercise of reasonable diligence. The court was warranted in denying the motion for lack of a showing of diligence. (*People v. Lindsey*, 90 Cal.App.2d 558, 568-569 [203 P.2d 572] ; *People v. Beard*, 46 Cal.2d 278, 282 [294 P.2d 29].)

Appellant does not question the sufficiency of the evidence to support the judgment.

The judgment and order appealed from are affirmed.

Wood (Parker), J., and Vallée, J., concurred.