[Crim. No. 7077.   Second Dist., Div. Two.   Sept. 14, 1960.]

THE PEOPLE, Respondent, v. HENRY VICTOR PREWITT, Appellant.

Russell E. Parsons and Albert Jack Chotiner for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Respondent.

ASHBURN, J.—Indicted for bookmaking and occupying an apartment for the purpose of recording bets (Pen. Code, § 337a), defendant moved to set aside the indictment under section 995, Penal Code, the motion was granted, the People appealed from that order and the Supreme Court reversed (*People* v. *Prewitt,* 52 Cal.2d 330 [341 P.2d 1]). The case came on for trial without a jury, defendant was found guilty and appealed from the judgment and an order denying his motion for new trial; that appeal is now before us.

Said Supreme Court opinion summarizes the evidence upon which the indictment was based. Comparison of that résumé with the transcript of the trial reveals no essential or substantial differences between them. The Supreme Court said, at page 334 of 52 Cal.2d: "The foregoing evidence before the grand jury was sufficient to support the indictment unless it was illegally obtained." At page 336: "Accordingly, the question presented is whether information from an informer who has proved reliable in the past constitutes probable cause for an arrest when the officer does not know the identity of the informer. . . . If the officer does not know the name of the informer he does not suppress evidence by not stating it. He is not seeking to eat his cake and have it too; to rely on information and yet not reveal it. . . . The question remains whether the information should nevertheless be held insufficient to constitute reasonable cause." Examining that question, the court further stated: " ' Although information provided by an anonymous informer is relevant on the issue of reasonable cause, in the absence of some pressing emergency [citation], an arrest may not be based solely on such information [citations], and evidence must be presented to the court that would justify the conclusion that reliance on the information was reasonable. [Citation.] In some cases the

identity of, or past experience with, the informer may provide such evidence [citation],* and in others it may be supplied by similar information from other sources or by the personal observations of the police.' (*Willson* v. *Superior Court,* 46 Cal.2d 291, 294-295 [294 P.2d 36].) In the Willson case, as in this case, the informer did not identify himself to the officer, but we held that his information together with facts personally observed by the officer were sufficient to constitute reasonable cause for an arrest. Admittedly, an informer's failure or refusal to identify himself may cast doubt on the reliability of his information, but the fact that his information has proved reliable in the past is at least as persuasive of his present reliability as the corroborating suspicious circumstances observed by the officer in the Willson case; circumstances that alone were not sufficient to constitute reasonable cause. The testimony before the grand jury does not establish that essential evidence was illegally obtained, and accordingly, the trial court erred in setting aside the indictment. [*Footnote omitted.]" (P. 337.) In response to the argument that this would open the door to illegal arrests based on fictitious information from fictitious anonymous informers, the court further observed: "Moreover, since the privilege of nondisclosure must be waived if the information is to be relied upon, the officer may be cross-examined fully as to facts that might tend to identify the informer and test the officer's credibility. His testimony is not limited to general statements that on previous occasions reliable information was given, and he cannot claim a privilege that the details would tend to identify the informer. His testimony can be elicited as to all of the details of the information claimed to have been received, and the officer must relate that information to actual arrests or investigations made in claimed reliance on it. Not only would it be difficult to fabricate such details, but since they must be related to actual facts, avenues of investigation to refute them may be opened." (P. 338.) "When the present case goes to trial Officer Deiro may be cross-examined as to whether the arrest he testified to before the grand jury was the same arrest described in the Cicchello case, and if so, he may be asked to explain the discrepancy in his testimony on the two occasions. Of course, if he did not personally converse with the informer on the previous occasions referred to, he would have no basis for concluding that the informer in the present case was the same informer who had proved reliable in the past, for it was solely by the

sound of the informer's voice that Officer Deiro identified him.'' (P. 339.)

■ At the trial counsel for appellant devoted themselves largely to an attempt through cross-examination to discredit the arresting officer, Joseph S. Deiro. At best they developed some minor inconsistencies in his testimony, nothing rising to the dignity of inherent improbability (*People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758]) ; the defendant did not testify; the trial judge accepted the officer's testimony and held the evidence sufficient for conviction. The proof being substantial in its nature, this court is bound to accept it. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) In effect, the Supreme Court has held this evidence to be sufficient through its discussion of the evidence in *People* v. *Prewitt, supra.*

■ Appellant's claim that damaging evidence seized at the time of his arrest was inadmissible because of violation of section 841, Penal Code, by the officers, is without merit. ''The person making the arrest must inform the person to be arrested of the intention to arrest him, of the cause of the arrest, and the authority to make it, except when the person making the arrest has reasonable cause to believe that the person to be arrested is actually engaged in the commission of or an attempt to commit an offense, or the person to be arrested is pursued immediately after its commission, or after an escape.'' (Pen. Code, § 841.) The present case clearly falls within the statutory exceptions (see *People* v. *Beard,* 46 Cal.2d 278, 281 [294 P.2d 29] ; *People* v. *Herman,* 163 Cal. App.2d 821, 826 [329 P.2d 989] ; *People* v. *Jaurequi,* 142 Cal.App.2d 555, 562 [298 P.2d 896]).

Judgment and order denying new trial affirmed.

Fox, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 9, 1960.